# EXHIBIT D

**1622-CC10804**

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## STATE OF MISSOURI

| | |
|---|---|
| BARBARA HINTON, | |
| AND | |
| ALLEN ABERNETHY,  INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF NANCY ABERNETHY, DECEASED, | |
| AND | |
| BILLIE ALBERS, | Cause Number |
| AND | Division: |
| PATRICIA ALEXANDER, | **JURY TRIAL DEMANDED** |
| AND | |
| LORAINE ALLEN, | |
| AND | |
| REBECCA ALTRINGER, | |
| AND | |
| TRACEY ANDERSEN, | |
| AND | |
| ROBYN ANDERSON, | |
| AND | |
| CAROL LEE ANDREWS, | |
| AND | |
| STEPHANIE ANN BROWN, AS REPRESENTATIVE OF THE ESTATE OF KAREN ARNOLD, DECEASED, | |
| AND | |

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

MONNIE ATKINSON,

AND

EVELYN AUTRY,

AND

DAWN BARDWELL,

AND

DENISE BARNES,

AND

TANNA BILBREY,

AND

SUE BOND,

AND

SHERRY BROWN,

AND

GEORGIA BROWN,

AND

LANI BURDICK,

AND

JA'NEL BURRELL,

AND

REGINA BUTLER,

AND

AMANDA CAMP-GRAY,

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

AND

TINA CHILDERS,

AND

CHERI COOMBS,

AND

KRISTINE COOPER,

AND

MICHELE COOPER,

AND

TERESA CRIDER,

AND

JOYCE CURRIE,

AND

THERESA CUSHING,

AND

MARILYN DAVIS,

AND

EVELYN DEJESUS,

AND

LUCILLE DESSLER,

AND

MICHELLE DUNCAN,

AND

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

JEFFREY DUNCAN, INDIVIDUALLY AND AS
REPRESENTATIVE OF THE ESTATE OF LINDA
DUNCAN, DECEASED,

AND

JENNIFER FLEENOR,

AND

MARY D. FORD,

AND

LORRAINE LAFAYE FOX,

AND

LOIS FRANKLIN,

AND

ROBERTA FREDERICKS,

AND

KATHY GEBARD,

AND

KIMBERLY GIBSON,

AND

CAROL GOVEIA,

AND

LAUREN GRIJALVA,

AND

BARBARA HANCOCK,

AND

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

CHERYL HAROLD-GRAHAM,

AND

ANNETTE HENNINGER,

AND

LAURA HOFF,

AND

GERALDINE HORNER,

AND

CHANEL HOROWITZ, INDIVIDUALLY AND AS
EXECUTOR OF THE ESTATE OF LINDA
SHAPIRO, DECEASED,

AND

DONNA HUDSON,

AND

BRIDGETTE JACKSON,

AND

TRENESSA JAMES,

AND

KATHRYN JONES,

AND

VIRGINIA JONES,

AND

BILLIE JEAN KERPASH,

AND

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

KATHLEEN KRUCIK,

AND

DEBORAH LANDRY,

AND

MICHELLE LILLY,

AND

MARTA LOGAN,

AND

JANICE LONG,

AND

DIANE LOVEJOY,

AND

ELOISE MAITLAND,

AND

MARIA MARROQUIN,

AND

RUBY MASON,

AND

PAMELA MCCANN,

AND

BROOKER MCKINNEY,

AND

JOAN OBENDORFER,

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

AND

RAMONA OVERSTREET,

AND

LAWRENCE PEDERSON, INDIVIDUALLY AND
AS REPRESENTATIVE OF THE ESTATE OF
SHARON PEDERSON, DECEASED,

AND

KAREN PETERSON,

AND

GENEVA POWERS,

AND

NADIA QADEER,

AND

PATRICE RADER,

AND

SHEILA REVELL,

AND

PAULINE RIMP,

AND

TINA RYLEY,

AND

JANET SMITH,

AND

JULIE STEWART,

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

AND

DENA SUTER,

AND

ELIZABETH SWETISH,

AND

CYNTHIA WHITE,

AND

DONNA WILLIAMS,

AND

JANET J. YOUNG,

AND

DIONNE ZASKE,

AND

DELLA ZANE,

       Plaintiffs,

vs.

JOHNSON & JOHNSON, INC.

Serve: M.H. Ullman
    One Johnson & Johnson Plaza
    New Brunswick, New Jersey 08933

and

JOHNSON & JOHNSON CONSUMER, INC. f/k/a
JOHNSON & JOHNSON CONSUMER
COMPANIES, INC.

Serve: Johnson & Johnson Registered Agent

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

One Johnson & Johnson Plaza
New Brunswick, New Jersey 08933

and

IMERYS TALC AMERICA, INC. f/k/a LUZENAC
AMERICA, INC.

Serve:   CT Corporation
        120 South Clayton Avenue
        St. Louis, MO 63105

               Defendants.

## PETITION

COME NOW Plaintiffs, by and through their undersigned counsel, and for their Petition against Defendants Johnson & Johnson; Johnson and Johnson Consumer Incorporated f/k/a Johnson & Johnson Consumer Companies, Inc.; Imerys Talc America, Inc., f/k/a Luzenac America, Inc., allege the following upon information and belief (including investigation made by and through Plaintiffs' counsel), except those allegations that pertain to Plaintiffs, which are based on personal knowledge:

## INTRODUCTION

1.    Plaintiffs bring this cause of action against Defendants pursuant to Rule 52.05(a) of the Missouri Rules of Civil Procedure, as their claims arise out of the same series of transactions and occurrences, and their claims involve common questions of law and/or fact. All claims in this action are a direct and proximate result of Defendants' and/or their corporate predecessors' negligent, willful, and wrongful conduct in connection with the design, development, manufacture, testing, packaging, promoting, marketing, distribution, labeling and/or sale of the products known as Johnson & Johnson Baby Powder and Shower to Shower (hereinafter "the PRODUCTS"). All Plaintiffs in this action seek recovery for damages as a

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

result of developing ovarian cancer, which was directly and proximately caused by such wrongful conduct by Defendants, the unreasonably dangerous and defective nature of talcum powder, and the attendant effects of developing ovarian cancer. All of the claims involve common legal and medical issues.

## **PARTIES**

2.      Plaintiff Barbara Hinton is a citizen of the City of St. Louis, State of Missouri.  At all pertinent times, including from approximately 1992 to 2016, Plaintiff Barbara Hinton purchased and applied talcum powder in the State of Missouri.  In or around January 2016, Plaintiff Barbara Hinton was diagnosed with ovarian cancer, which developed in the State of Missouri.  Plaintiff Barbara Hinton developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Barbara Hinton has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Barbara Hinton has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Barbara Hinton applied talcum powder in the State of Missouri.

3.      Plaintiff Allen Abernethy, an adult whose principal place of residence is in the City of Mt. Holly, State of North Carolina, brings this action individually and in his capacity as representative of the Estate of Nancy Abernethy. Plaintiff Allen Abernethy is pursuing this action due to the wrongfully caused premature death of his wife, Nancy Abernethy, on behalf the Estate of Nancy Abernethy and all wrongful death beneficiaries/statutory distributees of Nancy

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

Abernethy. The premature death of Nancy Abernethy was the direct and proximate result of her application of talcum powder and subsequent ovarian cancer diagnosis. As a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder, and pursuant to G.S. §28A-18-1 and §28A-18-2 for the State of North Carolina, Plaintiff seeks damages for decedent's loss of future earnings, loss of decedent's value to her estate, pain and suffering endured by decedent prior to premature death, medical, funeral and burial expenses, loss of services and support, and other damages as allowed by law.

4.      Plaintiff Billie Albers is a citizen of the City of Bartelso, State of Illinois.  At all pertinent times, including from approximately 2000 to 2015, Plaintiff Billie Albers purchased and applied talcum powder in the State of Illinois.  In or around January 2015, Plaintiff Billie Albers was diagnosed with ovarian cancer, which developed in the State of Missouri.  Plaintiff Billie Albers developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Billie Albers has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Billie Albers has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Billie Albers applied talcum powder in the State of Illinois.

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

5.      Plaintiff Patricia Alexander is a citizen of the City of Laveen, State of Arizona.  At all pertinent times, including from approximately 1968 to 2015, Plaintiff Patricia Alexander purchased and applied talcum powder in the States of California and Arizona.  In or around September 2013, Plaintiff Patricia Alexander was diagnosed with ovarian cancer, which developed in the State of Arizona.  Plaintiff Patricia Alexander developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Patricia Alexander has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Patricia Alexander has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Patricia Alexander applied talcum powder in the States of California and Arizona.

6.      Plaintiff Loraine Allen is a citizen of the City of Kendall, State of New York.  At all pertinent times, including from approximately September 1973 to October 2015, Plaintiff Loraine Allen purchased and applied talcum powder in the State of New York.  In or around August 2015, Plaintiff Loraine Allen was diagnosed with ovarian cancer, which developed in the State of New York.  Plaintiff Loraine Allen developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Loraine Allen has incurred and will incur medical expenses in the future, has endured and will endure pain and

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

suffering and loss of enjoyment of life, and Plaintiff Loraine Allen has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Loraine Allen applied talcum powder in the State of New York.

7.      Plaintiff Rebecca Altringer is a citizen of the City of Las Cruces, State of New Mexico. At all pertinent times, including from approximately 1975 to 2004, Plaintiff Rebecca Altringer purchased and applied talcum powder in the State of California. In or around September 2010, Plaintiff Rebecca Altringer was diagnosed with ovarian cancer, which developed in the State of California. Plaintiff Rebecca Altringer developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Rebecca Altringer has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Rebecca Altringer has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Rebecca Altringer applied talcum powder in the State of California.

8.      Plaintiff Tracey Andersen is a citizen of the City of Altoona, State of Pennsylvania. At all pertinent times, including from approximately 1986 to 2014, Plaintiff Tracey Andersen purchased and applied talcum powder in the States of Florida and Pennsylvania. In or around November 2014, Plaintiff Tracey Andersen was diagnosed with ovarian cancer, which developed in the State of Pennsylvania. Plaintiff Tracey Andersen developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Tracey Andersen has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Tracey Andersen has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Tracey Andersen applied talcum powder in the States of Florida and Pennsylvania.

9.      Plaintiff Robyn Anderson is a citizen of the City of Salt Lake City, State of Utah.  At all pertinent times, including from approximately 2003 to 2016, Plaintiff Robyn Anderson purchased and applied talcum powder in the State of Utah.  In or around November 2014, Plaintiff Robyn Anderson was diagnosed with ovarian cancer, which developed in the State of Utah.  Plaintiff Robyn Anderson developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Robyn Anderson has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Robyn Anderson has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Robyn Anderson applied talcum powder in the State of Utah.

10.     Plaintiff Carol Lee Andrews is a citizen of the City of Hitchcock, State of Texas.  At all pertinent times, including from approximately 1960 to 1998, Plaintiff Carol Lee Andrews purchased and applied talcum powder in the State of Texas.  In or around October

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

2014, Plaintiff Carol Lee Andrews was diagnosed with ovarian cancer, which developed in the State of Texas.  Plaintiff Carol Lee Andrews developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Carol Lee Andrews has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Carol Lee Andrews has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Carol Lee Andrews applied talcum powder in the State of Texas.

11.     Plaintiff Stephanie Ann Brown, an adult whose principal place of residence is in the City of Joplin, State of Missouri, brings this action in her capacity as representative of the Estate of Karen Arnold.  Plaintiff Stephanie Ann Brown is pursuing this action due to the wrongfully caused premature death of Karen Arnold on behalf of that decedent's estate.  The premature death of Karen Arnold was the direct and proximate result of her application of talcum powder and subsequent ovarian cancer diagnosis.  As a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder, and pursuant to C.R.S. §§ 13-21-201, *et seq.*, Plaintiff seeks damages for decedent's loss of future earnings, loss of decedent's value to her estate, and other damages allowed by law.

12.     Plaintiff Monnie Atkinson is a citizen of the City of Houston, State of Texas.  At all relevant times, including from approximately 1980 to 1999, Plaintiff Monnie Atkinson

15

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

purchased and applied the PRODUCTS in the State of Texas.  In or about October 2014, Plaintiff Monnie Atkinson was diagnosed with ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the PRODUCTS and Defendant's wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the PRODUCTS.  As a direct and proximate result of these injuries, Plaintiff Monnie Atkinson has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Monnie Atkinson has otherwise been damaged in a personal and pecuniary nature.  At all times relevant times, Plaintiff Monnie Atkinson applied the PRODUCTS in the State of Texas.

13.    Plaintiff Evelyn Autry is a citizen of the City of Elkins Park, State of Pennsylvania. At all pertinent times, including from approximately 1980 to 2012, Plaintiff Evelyn Autry purchased and applied talcum powder in the State of Pennsylvania. In or around November 2014, Plaintiff Evelyn Autry was diagnosed with ovarian cancer, which developed in the State of Pennsylvania. Plaintiff Evelyn Autry developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Evelyn Autry has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Evelyn Autry has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Evelyn Autry applied talcum powder in the State of Pennsylvania.

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

14.     Plaintiff Dawn Bardwell is a citizen of the City of Laplace, State of Louisiana.  At all pertinent times, including from approximately 1970 through 2016, Plaintiff Dawn Bardwell purchased and applied talcum powder in the State of Louisiana.  In or around July 17, 2015, Plaintiff Dawn Bardwell was diagnosed with ovarian cancer, which developed in the State of Louisiana.  Plaintiff Dawn Bardwell developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Dawn Bardwell has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Dawn Bardwell has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Dawn Bardwell applied talcum powder in the State of Louisiana.

15.     Plaintiff Denise Barnes is a citizen of the City of Villa Park, State of Illinois.  At all pertinent times, including from approximately 1982 to 2015, Plaintiff Denise Barnes purchased and applied talcum powder in the State of Illinois.  In or around October 2014, Plaintiff Denise Barnes was diagnosed with ovarian cancer, which developed in the State of Illinois.  Plaintiff Denise Barnes developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Denise Barnes has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

enjoyment of life, and Plaintiff Denise Barnes has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Denise Barnes applied talcum powder in the State of Illinois.

16.     Plaintiff Tanna Bilbrey is a citizen of the City of Nampa, State of Idaho. At all pertinent times, including from approximately 1974 to present, Plaintiff Tanna Bilbrey purchased and applied talcum powder in the States of Idaho and Oregon. In or about November 2014, Plaintiff Tanna Bilbrey was diagnosed with ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Tanna Bilbrey has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Tanna Bilbrey has otherwise been damaged in a personal and pecuniary nature. For the vast majority of her life and at all pertinent times, Plaintiff Tanna Bilbrey applied talcum powder in the States of Idaho and Oregon.

17.     Plaintiff Sue Bond is a citizen of the City of Lacombe, State of Louisiana.  At all pertinent times, including from approximately 1968 to 2013, Plaintiff Sue Bond purchased and applied talcum powder in the State of Louisiana.  In or around February 2013, Plaintiff Sue Bond was diagnosed with ovarian cancer, which developed in the State of Louisiana.  Plaintiff Sue Bond developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

of these injuries, Plaintiff Sue Bond has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Sue Bond has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Sue Bond applied talcum powder in the State of Louisiana.

18.     Plaintiff Sherry Brown is a citizen of the City of Rockmart, State of Georgia.  At all pertinent times, including from approximately 1976 to April 2016, Plaintiff Sherry Brown purchased and applied talcum powder in the State of Georgia.  In or around April 2011, Plaintiff Sherry Brown was diagnosed with ovarian cancer, which developed in the State of Georgia. Plaintiff Sherry Brown developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Sherry Brown has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Sherry Brown has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Sherry Brown applied talcum powder in the State of Georgia.

19.     Plaintiff Georgia Brown is a citizen of the City of Cottage Hills, State of Illinois.  At all pertinent times, including from approximately 1975 to 2015, Plaintiff Georgia Brown purchased and applied talcum powder in the States of Illinois and Missouri.  In or around December 2000, Plaintiff Georgia Brown was diagnosed with ovarian cancer, which developed in the State of Missouri.  Plaintiff Georgia Brown developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Georgia Brown has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Georgia Brown has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Georgia Brown applied talcum powder in the States of Missouri and Illinois.

20.     Plaintiff Lani Burdick is a citizen of the City of Tustin, State of California.  At all pertinent times, including from approximately February 1984 to December 2010, Plaintiff Lani Burdick purchased and applied talcum powder in the States of California and Louisiana.  In or around June 2008, Plaintiff Lani Burdick was diagnosed with ovarian cancer, which developed in the State of California.  Plaintiff Lani Burdick developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Lani Burdick has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Lani Burdick has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Lani Burdick applied talcum powder in the States of California and Louisiana.

21.     Plaintiff Ja'nel Burrell is a citizen of the City of Hampton, State of Virginia.  At all pertinent times, including from approximately 1984 to 2008, Plaintiff Ja'nel Burrell purchased and applied talcum powder in the States of Virginia, Texas, Mississippi and

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

California.  In or around December 2009, Plaintiff Ja'nel Burrell was diagnosed with ovarian cancer, which developed in the State of Virginia.  Plaintiff Ja'nel Burrell developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Ja'nel Burrell has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Ja'nel Burrell has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Ja'nel Burrell applied talcum powder in the States of Virginia, Texas, Mississippi and California.

22.     Plaintiff Regina Butler is a citizen of the City of Jamaica, State of New York.  At all pertinent times, including from approximately 1990 to 2003, Plaintiff Regina Butler purchased and applied talcum powder in the States of Georgia & New York.  In or around 2014, Plaintiff Regina Butler was diagnosed with ovarian cancer, which developed in the State of New York.  Plaintiff Regina Butler developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Regina Butler has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Regina Butler has otherwise been damaged in a personal and

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

pecuniary nature.  At all pertinent times, Plaintiff Regina Butler applied talcum powder in the States of Georgia & New York.

23.     Plaintiff Amanda Camp-Gray is a citizen of the City of White Oak, State of Texas.  At all pertinent times, including from approximately March 1978 to 2015, Plaintiff Amanda Camp-Gray purchased and applied talcum powder in the State of Texas.  In or around August 2008, Plaintiff Amanda Camp-Gray was diagnosed with ovarian cancer, which developed in the State of California.  Plaintiff Amanda Camp-Gray developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Amanda Camp-Gray has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Amanda Camp-Gray has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Amanda Camp-Gray applied talcum powder in the State of Texas.

24.     Plaintiff Tina Childers is a citizen of the City of Cincinnati, State of Ohio.  At all pertinent times, including from approximately 1993 to 2003, Plaintiff Tina Childers purchased and applied talcum powder in the State of Ohio.  In or around November 2014, Plaintiff Tina Childers was diagnosed with ovarian cancer, which developed in the State of Ohio.  Plaintiff Tina Childers developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

proximate result of these injuries, Plaintiff Tina Childers has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Tina Childers has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Tina Childers applied talcum powder in the State of Ohio.

25.    Plaintiff Cheri Coombs is a citizen of the City of Lawrence, State of Michigan. At all pertinent times, including from approximately 1983 to 2013, Plaintiff Cheri Coombs purchased and applied talcum powder in the State of Michigan. In or around November 2013, Plaintiff Cheri Coombs was diagnosed with ovarian cancer, which developed in the State of Michigan. Plaintiff Cheri Coombs developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Cheri Coombs has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Cheri Coombs has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Cheri Coombs applied talcum powder in the State of Michigan.

26.    Plaintiff Kristine Cooper is a citizen of the City of Toledo, State of Ohio. At all pertinent times, including from approximately 1970 to 2013, Plaintiff Kristine Cooper purchased and applied talcum powder in the State of Ohio. In or around 2011, Plaintiff Kristine Cooper was diagnosed with ovarian cancer, which developed in the State of Ohio. Plaintiff Kristine Cooper developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Kristine Cooper has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Kristine Cooper has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Kristine Cooper applied talcum powder in the State of Ohio.

27.    Plaintiff Michele Cooper is a citizen of the City of Knoxville, State of Tennessee.  At all pertinent times, including from approximately 1970 to 1998, Plaintiff Michele Cooper purchased and applied talcum powder in the State of Tennessee.  In or around May 2012, Plaintiff Michele Cooper was diagnosed with ovarian cancer, which developed in the State of Tennessee.  Plaintiff Michele Cooper developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Michele Cooper has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Michele Cooper has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Michele Cooper applied talcum powder in the State of Tennessee.

28.    Plaintiff Teresa Crider is a citizen of the City of Norman, State of Oklahoma.  At all pertinent times, including from approximately August 1963 to 2005, Plaintiff Teresa Crider purchased and applied talcum powder in the State of Oklahoma.  In or around July 2002,

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

Plaintiff Teresa Crider was diagnosed with ovarian cancer, which developed in the State of Oklahoma.  Plaintiff Teresa Crider developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Teresa Crider has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Teresa Crider has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Teresa Crider applied talcum powder in the State of Oklahoma.

29.     Plaintiff Joyce Currie is a citizen of the City of Humboldt, State of Tennessee.  At all pertinent times, including from approximately February 1980 to September 1998, Plaintiff Joyce Currie purchased and applied talcum powder in the State of Tennessee.  In or around June 2015, Plaintiff Joyce Currie was diagnosed with ovarian cancer, which developed in the State of Tennessee.  Plaintiff Joyce Currie developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Joyce Currie has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Joyce Currie has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Joyce Currie applied talcum powder in the State of Tennessee.

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

30.     Plaintiff Theresa Cushing is a citizen of the City of Aberdeen, State of Maryland. At all pertinent times, including from approximately 1964 to 2014, Plaintiff Theresa Cushing purchased and applied talcum powder in the States of Maryland and Pennsylvania.  In or around May 2014, Plaintiff Theresa Cushing was diagnosed with ovarian cancer, which developed in the State of Maryland.  Plaintiff Theresa Cushing developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Theresa Cushing has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Theresa Cushing has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Theresa Cushing applied talcum powder in the States of Maryland and Pennsylvania.

31.     Plaintiff Marilyn Davis is a citizen of the City of South Bend, State of Indiana.  At all pertinent times, including from approximately 1970 through 2014, Plaintiff Marilyn Davis purchased and applied talcum powder in the State of Indiana.  In or around September 17, 2013, Plaintiff Marilyn Davis was diagnosed with ovarian cancer, which developed in the State of Indiana.  Plaintiff Marilyn Davis developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Marilyn Davis has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

loss of enjoyment of life, and Plaintiff Marilyn Davis has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Marilyn Davis applied talcum powder in the State of Indiana.

32.     Plaintiff Evelyn DeJesus is a citizen of the City of Banning, State of California. At all pertinent times, including from approximately 1995 to 2015, Plaintiff Evelyn DeJesus purchased and applied talcum powder in the States of New York and California.  In or around 2015, Plaintiff Evelyn DeJesus was diagnosed with ovarian cancer, which developed in the State of California.  Plaintiff Evelyn DeJesus developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Evelyn DeJesus has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Evelyn DeJesus has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Evelyn DeJesus applied talcum powder in the States of New York and California.

33.     Plaintiff Lucille Dessler is a citizen of the City of Cranston, State of Rhode Island.  At all pertinent times, including from approximately 1957 to 1997, Plaintiff Lucille Dessler purchased and applied talcum powder in the States of New York and Rhode Island.  In or around February 2016, Plaintiff Lucille Dessler was diagnosed with ovarian cancer, which developed in the State of Rhode Island.  Plaintiff Lucille Dessler developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Lucille Dessler has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Lucille Dessler has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Lucille Dessler applied talcum powder in the States of New York and Rhode Island

34.     Plaintiff Michelle Duncan is a citizen of the City of Wytheville, State of Virginia.  At all pertinent times, including from approximately 1985 to 2015, Plaintiff Michelle Duncan purchased and applied talcum powder in the State of Virginia.  In or around November 2014, Plaintiff Michelle Duncan was diagnosed with ovarian cancer, which developed in the State of Virginia.  Plaintiff Michelle Duncan developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Michelle Duncan has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Michelle Duncan has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Michelle Duncan applied talcum powder in the State of Virginia.

35.     Plaintiff Jeffrey Duncan, an adult whose principal place of residence is in the City of New Johnsonville, State of Tennessee, brings this action individually and in his capacity as representative of the Estate of Linda Duncan.  Plaintiff Jeffrey Duncan is pursuing this action due to the wrongfully caused premature death of his wife, Linda Duncan, on behalf the Estate of

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

Linda Duncan and all wrongful death beneficiaries/statutory distributees of Linda Duncan. The premature death of Linda Duncan was the direct and proximate result of her application of talcum powder and subsequent ovarian cancer diagnosis. As a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder, and pursuant to Tenn. Code §§ 20-5-133, *et seq.*, Plaintiff seeks damages for decedent's loss of future earnings, loss of decedent's value to her estate, pain and suffering endured by decedent prior to premature death, medical, funeral and burial expenses, loss of services and support, and other damages as allowed by law.

36.     Plaintiff Jennifer Fleenor is a citizen of the City of Spring Hill, State of Tennessee.  At all pertinent times, including from approximately 1990 to 2011, Plaintiff Jennifer Fleenor purchased and applied talcum powder in the State of Tennessee.  In or around June 2012, Plaintiff Jennifer Fleenor was diagnosed with ovarian cancer, which developed in the State of Tennessee.  Plaintiff Jennifer Fleenor developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Jennifer Fleenor has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Jennifer Fleenor has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Jennifer Fleenor applied talcum powder in the State of Tennessee.

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

37.     Plaintiff Mary D. Ford is a citizen of the City of Bradford, State of Tennessee.  At all pertinent times, including from approximately 1973 to 2000, Plaintiff Mary D. Ford purchased and applied talcum powder in the State of Tennessee.  In or around February 2010, Plaintiff Mary D. Ford was diagnosed with ovarian cancer, which developed in the State of Tennessee.  Plaintiff Mary D. Ford developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Mary D. Ford has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Mary D. Ford has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Mary D. Ford applied talcum powder in the State of Tennessee.

38.     Plaintiff Lorraine LaFaye Fox is a citizen of the City of Newton Falls, State of Ohio.  At all pertinent times, including from approximately December 1960 to 2013, Plaintiff Lorraine LaFaye Fox purchased and applied talcum powder in the State of Ohio.  In or around 2012, Plaintiff Lorraine LaFaye Fox was diagnosed with ovarian cancer, which developed in the State of Ohio.  Plaintiff Lorraine LaFaye Fox developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Lorraine LaFaye Fox has incurred and will incur medical expenses in the future, has endured and will endure pain and

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

suffering and loss of enjoyment of life, and Plaintiff Lorraine LaFaye Fox has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Lorraine LaFaye Fox applied talcum powder in the State of Ohio.

39.     Plaintiff Lois Franklin is a citizen of the City of Memphis, State of Tennessee.  At all pertinent times, including from approximately 1990 to 2012, Plaintiff Lois Franklin purchased and applied talcum powder in the States of Tennessee and Illinois.  In or around 2011, Plaintiff Lois Franklin was diagnosed with ovarian cancer, which developed in the State of Tennessee. Plaintiff Lois Franklin developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Lois Franklin has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Lois Franklin has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Lois Franklin applied talcum powder in the States of Tennessee and Illinois.

40.     Plaintiff Roberta Fredericks is a citizen of the City of Dows, State of Iowa. At all pertinent times, including from approximately 1965 to 2014, Plaintiff Roberta Fredericks purchased and applied talcum powder in the States of Iowa. In or about December 1, 2014, Plaintiff Roberta Fredericks was diagnosed with ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

As a direct and proximate result of these injuries, Plaintiff Roberta Fredericks has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Roberta Fredericks has otherwise been damaged in a personal and pecuniary nature. For the vast majority of her life and at all pertinent times, Plaintiff Roberta Fredericks applied talcum powder in the States of Iowa.

41.     Plaintiff Kathy Gebard is a citizen of the City of Sandusky, State of Ohio. At all pertinent times, including from approximately 1983 through 2015, Plaintiff Kathy Gebard purchased and applied talcum powder in the State of Ohio.  In or around October 28, 2014, Plaintiff Kathy Gebard was diagnosed with ovarian cancer, which developed in the State of Ohio.  Plaintiff Kathy Gebard developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Kathy Gebard has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Kathy Gebard has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Kathy Gebard applied talcum powder in the State of Ohio.

42.     Plaintiff Kimberly Gibson is a citizen of the City of Purcell, State of Oklahoma. At all pertinent times, including from approximately 1975 to 2014, Plaintiff Kimberly Gibson purchased and applied talcum powder in the States of Indiana, Texas and Oklahoma. In or about November 2014, Plaintiff Kimberly Gibson was diagnosed with ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Kimberly Gibson has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Kimberly Gibson has otherwise been damaged in a personal and pecuniary nature. For the vast majority of her life and at all pertinent times, Plaintiff Kimberly Gibson applied talcum powder in the States of Indiana, Texas and Oklahoma.

43.     Plaintiff Carol Goveia is a citizen of the City of Centerville, State of Massachusetts.  At all pertinent times, including from approximately 1953 to 2003, Plaintiff Carol Goveia purchased and applied talcum powder in the State of Massachusetts.  In or around December 2013, Plaintiff Carol Goveia was diagnosed with ovarian cancer, which developed in the State of Massachusetts.  Plaintiff Carol Goveia developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Carol Goveia has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Carol Goveia has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Carol Goveia applied talcum powder in the State of Massachusetts.

44.     Plaintiff Lauren Grijalva is a citizen of the City of Santa Ana, State of California.  At all pertinent times, including from approximately 2006 to 2014, Plaintiff Lauren

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

Grijalva purchased and applied talcum powder in the State of California.  In or around November 2014, Plaintiff Lauren Grijalva was diagnosed with ovarian cancer, which developed in the State of California.  Plaintiff Lauren Grijalva developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Lauren Grijalva has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Lauren Grijalva has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Lauren Grijalva applied talcum powder in the State of California.

45.    Plaintiff Barbara Hancock is a citizen of the City of Pittsville, State of Virginia.  At all pertinent times, including from approximately 1980 to 2010, Plaintiff Barbara Hancock purchased and applied talcum powder in the State of Virginia.  In or around October 2014, Plaintiff Barbara Hancock was diagnosed with ovarian cancer, which developed in the State of Virginia.  Plaintiff Barbara Hancock developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Barbara Hancock has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Barbara Hancock has otherwise been

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Barbara Hancock applied talcum powder in the State of Virginia.

46.     Plaintiff Cheryl Harold-Graham is a citizen of the City of Hartford, State of Connecticut.  At all pertinent times, including from approximately 1960 to November 2013, Plaintiff Cheryl Harold-Graham purchased and applied talcum powder in the State of Connecticut.  In or around November 2013, Plaintiff Cheryl Harold-Graham was diagnosed with ovarian cancer, which developed in the State of Connecticut.  Plaintiff Cheryl Harold-Graham developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Cheryl Harold-Graham has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Cheryl Harold-Graham has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Cheryl Harold-Graham applied talcum powder in the State of Connecticut.

47.     Plaintiff Annette Henninger is a citizen of the City of Elma, State of New York.  At all pertinent times, including from approximately 1995 to 2009, Plaintiff Annette Henninger purchased and applied talcum powder in the State of New York.  In or around November 2013, Plaintiff Annette Henninger was diagnosed with ovarian cancer, which developed in the State of New York.  Plaintiff Annette Henninger developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Annette Henninger has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Annette Henninger has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Annette Henninger applied talcum powder in the State of New York.

48.     Plaintiff Laura Hoff is a citizen of the City of Brooksville, State of Florida.  At all pertinent times, including from approximately 1960 to 2010, Plaintiff Laura Hoff purchased and applied talcum powder in the State of Florida.  In or around December 2012, Plaintiff Laura Hoff was diagnosed with ovarian cancer, which developed in the State of Florida.  Plaintiff Laura Hoff developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Laura Hoff has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Laura Hoff has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Laura Hoff applied talcum powder in the State of Florida.

49.     Plaintiff Geraldine Horner is a citizen of the City of Bowie, State of Maryland.  At all pertinent times, including from approximately 1967 to 2002, Plaintiff Geraldine Horner purchased and applied talcum powder in the States of District of Columbia, California, and Maryland.  In or around March 2008, Plaintiff Geraldine Horner was diagnosed with ovarian cancer, which developed in the State of Maryland.  Plaintiff Geraldine Horner

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Geraldine Horner has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Geraldine Horner has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Geraldine Horner applied talcum powder in the States of District of Columbia, California, and Maryland.

50.     Plaintiff Chanel Horowitz, an adult whose principal place of residence is in the City of Brooklyn, State of New York, brings this action individually and in her capacity as executor of the Estate of Linda Shapiro. Plaintiff Chanel Horowitz is pursuing this action due to the wrongfully caused premature death of her mother, Linda Shapiro, on behalf the Estate of Linda Shapiro and all wrongful death beneficiaries/statutory distributees of Linda Shapiro. The premature death of Linda Shapiro was the direct and proximate result of her application of talcum powder and subsequent ovarian cancer diagnosis. As a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder, and pursuant to N.J. Stat. Ann. § 2A:31-1, Plaintiff seeks damages for decedent's loss of future earnings, loss of decedent's value to her estate, pain and suffering endured by decedent prior to premature death, medical, funeral and burial expenses, loss of services and support, and other damages as allowed by law.

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

51.     Plaintiff Donna Hudson is a citizen of the City of Elizabethtown, State of Kentucky.  At all pertinent times, including from approximately March 1967 to 2012, Plaintiff Donna Hudson purchased and applied talcum powder in the State of Kentucky.  In or around January 2014, Plaintiff Donna Hudson was diagnosed with ovarian cancer, which developed in the State of Kentucky.  Plaintiff Donna Hudson developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Donna Hudson has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Donna Hudson has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Donna Hudson applied talcum powder in the State of Kentucky.

52.     Plaintiff Bridgette Jackson is a citizen of the City of Belleville, State of Illinois.  At all pertinent times, including from approximately 1985 to 2008, Plaintiff Bridgette Jackson purchased and applied talcum powder in the State of Illinois.  In or around February 2015, Plaintiff Bridgette Jackson was diagnosed with ovarian cancer, which developed in the State of Illinois.  Plaintiff Bridgette Jackson developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Bridgette Jackson has incurred and will incur medical expenses in the future, has endured and will endure pain and

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

suffering and loss of enjoyment of life, and Plaintiff Bridgette Jackson has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Bridgette Jackson applied talcum powder in the State of Illinois.

53.     Plaintiff Trenessa James is a citizen of the City of Gretna, State of Louisiana.  At all pertinent times, including from approximately 1978 to 2016, Plaintiff Trenessa James purchased and applied talcum powder in the State of Louisiana.  In or around February 2016, Plaintiff Trenessa James was diagnosed with ovarian cancer, which developed in the State of Louisiana.  Plaintiff Trenessa James developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Trenessa James has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Trenessa James has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Trenessa James applied talcum powder in the State of Louisiana.

54.     Plaintiff Kathryn Jones is a citizen of the City of Bakersfield, State of California.  At all pertinent times, including from approximately March 1992 to August 2014, Plaintiff Kathryn Jones purchased and applied talcum powder in the State of California.  In or around 2015, Plaintiff Kathryn Jones was diagnosed with ovarian cancer, which developed in the State of California.  Plaintiff Kathryn Jones developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development,

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Kathryn Jones has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Kathryn Jones has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Kathryn Jones applied talcum powder in the State of California.

55.      Plaintiff Virginia Jones is a citizen of the City of Baltimore, State of Maryland. At all pertinent times, including from approximately 1970 to 2000, Plaintiff Virginia Jones purchased and applied talcum powder in the State of Maryland.  In or around 2000 Plaintiff Virginia Jones was diagnosed with ovarian cancer, while residing in the State of Maryland. Plaintiff Virginia Jones developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendant' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Virginia Jones has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Virginia Jones has otherwise been damaged in a personal and pecuniary nature.

56.      Plaintiff Billie Jean Kerpash is a citizen of the City of Troy, State of Missouri.  At all pertinent times, including from approximately 1972 to 2012, Plaintiff Billie Jean Kerpash purchased and applied talcum powder in the State of Missouri.  In or around October 2014, Plaintiff Billie Jean Kerpash was diagnosed with ovarian cancer, which developed in the State of Missouri.  Plaintiff Billie Jean Kerpash developed ovarian cancer, and suffered effects attendant

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Billie Jean Kerpash has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Billie Jean Kerpash has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Billie Jean Kerpash applied talcum powder in the State of Missouri.

57.     Plaintiff Kathleen Krucik is a citizen of the City of New Hampton, State of New York. At all pertinent times, including from approximately 1968 to 2006, Plaintiff Kathleen Krucik purchased and applied talcum powder in the States of Pennsylvania and New York. In or around December 2013, Plaintiff Kathleen Krucik was diagnosed with ovarian cancer, which developed in the State of New York. Plaintiff Kathleen Krucik developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Kathleen Krucik has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Kathleen Krucik has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Kathleen Krucik applied talcum powder in the States of Pennsylvania and New York.

58.     Plaintiff Deborah Landry is a citizen of the City of Folsom, State of Louisiana. At all pertinent times, including from approximately April 1961 to 2010, Plaintiff Deborah

41

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

Landry purchased and applied talcum powder in the State of Louisiana.  In or around September 2003, Plaintiff Deborah Landry was diagnosed with ovarian cancer, which developed in the State of Louisiana.  Plaintiff Deborah Landry developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Deborah Landry has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Deborah Landry has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Deborah Landry applied talcum powder in the State of Louisiana.

59.     Plaintiff Michelle Lilly is a citizen of the City of Broken Arrow, State of Oklahoma.  At all pertinent times, including from approximately 1975 to 2014, Plaintiff Michelle Lilly purchased and applied talcum powder in the State of Oklahoma.  In or around July 2014, Plaintiff Michelle Lilly was diagnosed with ovarian cancer, which developed in the State of Oklahoma.  Plaintiff Michelle Lilly developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Michelle Lilly has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Michelle Lilly has otherwise been damaged in a personal and

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

pecuniary nature.  At all pertinent times, Plaintiff Michelle Lilly applied talcum powder in the State of Oklahoma.

60.     Plaintiff Marta Logan is a citizen of the City of Kearney, State of Missouri.  At all pertinent times, including from approximately 2000 to 2008, Plaintiff Marta Logan purchased and applied talcum powder in the State of Missouri.  In or around February 2015, Plaintiff Marta Logan was diagnosed with ovarian cancer, which developed in the State of Illinois.  Plaintiff Marta Logan developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Marta Logan has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Marta Logan has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Marta Logan applied talcum powder in the State of Illinois.

61.     Plaintiff Janice Long is a citizen of the City of Hemet, State of California.  At all pertinent times, including from approximately 1965 to December 2014, Plaintiff Janice Long purchased and applied talcum powder in the State of California.  In or around December 2014, Plaintiff Janice Long was diagnosed with ovarian cancer, which developed in the State of California.  Plaintiff Janice Long developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

As a direct and proximate result of these injuries, Plaintiff Janice Long has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Janice Long has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Janice Long applied talcum powder in the State of California.

62.     Plaintiff Diane Lovejoy is a citizen of the City of Elko New Market, State of Minnesota.  At all pertinent times, including from approximately 1969 to 2013, Plaintiff Diane Lovejoy purchased and applied talcum powder in the State of Minnesota.  In or around February 2013, Plaintiff Diane Lovejoy was diagnosed with ovarian cancer, which developed in the State of Minnesota.  Plaintiff Diane Lovejoy developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Diane Lovejoy has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Diane Lovejoy has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Diane Lovejoy applied talcum powder in the State of Minnesota.

63.     Plaintiff Eloise Maitland is a citizen of the City of Ventura, State of California.  At all pertinent times, including from approximately 1987 to 2014, Plaintiff Eloise Maitland purchased and applied talcum powder in the State of California.  In or around November 2014, Plaintiff Eloise Maitland was diagnosed with ovarian cancer, which developed in the State of California.  Plaintiff Eloise Maitland developed ovarian cancer, and suffered

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Eloise Maitland has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Eloise Maitland has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Eloise Maitland applied talcum powder in the State of California.

64.     Plaintiff Maria Marroquin is a citizen of the City of Houston, State of Texas. At all pertinent times, including from approximately 1976 to February 2015, Plaintiff Maria Marroquin purchased and applied talcum powder in the State of Texas. In or around December 2014, Plaintiff Maria Marroquin was diagnosed with ovarian cancer, which developed in the State of Texas. Plaintiff Maria Marroquin developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Maria Marroquin has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Maria Marroquin has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Maria Marroquin applied talcum powder in the State of Texas.

65.     Plaintiff Ruby Mason is a citizen of the City of Knoxville, State of Tennessee.  At all pertinent times, including from approximately 1980 to 2013, Plaintiff Ruby Mason purchased

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

and applied talcum powder in the State of Tennessee.  In or around 2013, Plaintiff Ruby Mason was diagnosed with ovarian cancer, which developed in the State of Tennessee.  Plaintiff Ruby Mason developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Ruby Mason has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Ruby Mason has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Plaintiff Ruby Mason applied talcum powder in the State of Tennessee.

66.     Plaintiff Pamela McCann is a citizen of the City of Hohenwald, State of Tennessee.  At all pertinent times, including from approximately 1972 to 1984, Plaintiff Pamela McCann purchased and applied talcum powder in the State of Tennessee.  In or around 1983, Plaintiff Pamela McCann was diagnosed with ovarian cancer, which developed in the State of Tennessee.  Plaintiff Pamela McCann developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Pamela McCann has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Pamela McCann has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Pamela McCann applied talcum powder in the State of Tennessee.

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

67.     Plaintiff Brooker McKinney is a citizen of the City of Linden, State of Texas.  At all pertinent times, including from approximately 1990 to 2010, Plaintiff Brooker McKinney purchased and applied talcum powder in the State of Texas.  In or around January 2015, Plaintiff Brooker McKinney was diagnosed with ovarian cancer, which developed in the State of Texas. Plaintiff Brooker McKinney developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Brooker McKinney has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Brooker McKinney has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Brooker McKinney applied talcum powder in the State of Texas.

68.     Plaintiff Joan Obendorfer is a citizen of the City of Erie, State of Pennsylvania. At all pertinent times, including from approximately 1997 to 2016, Plaintiff Joan Obendorfer purchased and applied talcum powder in the States of Pennsylvania and Kentucky.  In or around 2013, Plaintiff Joan Obendorfer was diagnosed with ovarian cancer, which developed in the State of Pennsylvania.  Plaintiff Joan Obendorfer developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Joan Obendorfer has incurred and will incur medical expenses in the future, has endured and will endure pain and

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

suffering and loss of enjoyment of life, and Plaintiff Joan Obendorfer has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Joan Obendorfer applied talcum powder in the States of Pennsylvania and Kentucky.

69.     Plaintiff Ramona Overstreet is a citizen of the City of Houston, State of Texas. At all pertinent times, including from approximately 1959 to September 2006, Plaintiff Ramona Overstreet purchased and applied talcum powder in the State of Texas.  In or around September 2006, Plaintiff Ramona Overstreet was diagnosed with ovarian cancer, which developed in the State of Texas.  Plaintiff Ramona Overstreet developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Ramona Overstreet has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Ramona Overstreet has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Ramona Overstreet applied talcum powder in the State of Texas.

70.     Plaintiff Lawrence Pedersen, is an adult whose principal place of residence is in the City of Locust Grove, State of Virginia, brings this action in his capacity as representative of the Estate of Sharon Pedersen. Plaintiff Lawrence Pedersen is pursuing this action due to the wrongfully caused premature death of Sharon Pedersen on behalf of that decedent's estate. The premature death of Sharon Pedersen was the direct and proximate result of her application of talcum powder and subsequent ovarian cancer diagnosis. As a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder, and pursuant to Va. Code Ann. §§ 8.10-243, *et seq.*, Plaintiff seeks damages for decedent's loss of future earnings, loss of decedent's value to her estate, and other damages as allowed by law.

71.     Plaintiff Karen Peterson is a citizen of the City of Rossville, State of Georgia.  At all pertinent times, including from approximately 1981 to 1997, Plaintiff Karen Peterson purchased and applied talcum powder in the States of Ohio, Georgia, and Tennessee.  In or around October 2008, Plaintiff Karen Peterson was diagnosed with ovarian cancer, which developed in the State of Tennessee.  Plaintiff Karen Peterson developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Karen Peterson has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Karen Peterson has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Karen Peterson applied talcum powder in the States of Ohio, Georgia, and Tennessee.

72.     Plaintiff Geneva Powers is a citizen of the City of Chesapeake, State of Virginia. At all pertinent times, including from approximately December 1963 to March 2015, Plaintiff Geneva Powers purchased and applied talcum powder in the State of Virginia.  In or around March 2015, Plaintiff Geneva Powers was diagnosed with ovarian cancer, which developed in the State of Virginia.  Plaintiff Geneva Powers developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Geneva Powers has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Geneva Powers has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Geneva Powers applied talcum powder in the State of Virginia.

73.     Plaintiff Nadia Qadeer is a citizen of the City of Las Vegas, State of Nevada.  At all pertinent times, including from approximately 1992 to 2014, Plaintiff Nadia Qadeer purchased and applied talcum powder in the States of New York and Nevada.  In or around October 2014, Plaintiff Nadia Qadeer was diagnosed with ovarian cancer, which developed in the State of Nevada.  Plaintiff Nadia Qadeer developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Nadia Qadeer has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Nadia Qadeer has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Nadia Qadeer applied talcum powder in the States of New York and Nevada.

74.     Plaintiff Patrice Rader is a citizen of the City of Hahnville, State of Louisiana. At all pertinent times, including from approximately 1985 through 2016, Plaintiff Patricia Rader purchased and applied talcum powder in the State of Louisiana. In or around March 9, 2010,

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

Plaintiff Patrice Rader was diagnosed with ovarian cancer, which developed in the State of Louisiana.  Plaintiff Patrice Rader developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Patrice Rader has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Patrice Rader has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Patrice Rader applied talcum powder in the State of Louisiana.

75.     Plaintiff Shelia Revell is a citizen of the City of Shreveport, State of Louisiana.  At all pertinent times, including from approximately 1975 to February 2014, Plaintiff Shelia Revell purchased and applied talcum powder in the States of Louisiana, Oklahoma, and Wisconsin.  In or around February 2014, Plaintiff Shelia Revell was diagnosed with ovarian cancer, which developed in the State of Louisiana.  Plaintiff Shelia Revell developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Shelia Revell has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Shelia Revell has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times,

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

Plaintiff Shelia Revell applied talcum powder in the States of Louisiana, Oklahoma, and Wisconsin.

76.     Plaintiff Pauline Rimp is a citizen of the City of Northridge, State of California. At all pertinent times, including from approximately 1986 to October 1997, Plaintiff Pauline Rimp purchased and applied talcum powder in the State of California.  In or around October 1997, Plaintiff Pauline Rimp was diagnosed with ovarian cancer, which developed in the State of California.  Plaintiff Pauline Rimp developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Pauline Rimp has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Pauline Rimp has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Pauline Rimp applied talcum powder in the State of California.

77.     Plaintiff Tina Ryley is a citizen of the City of Westville, State of New Jersey.  At all pertinent times, including from approximately 1991 to April 2010, Plaintiff Tina Ryley purchased and applied talcum powder in the State of New Jersey.  In or around April 2010, Plaintiff Tina Ryley was diagnosed with ovarian cancer, which developed in the State of New Jersey.  Plaintiff Tina Ryley developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

direct and proximate result of these injuries, Plaintiff Tina Ryley has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Tina Ryley has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Tina Ryley applied talcum powder in the State of New Jersey.

78.     Plaintiff Janet Smith is a citizen of the City of Chesapeake, State of Virginia.  At all pertinent times, including from approximately 1995 to August 2014, Plaintiff Janet Smith purchased and applied talcum powder in the State of Virginia.   In or around February 2015, Plaintiff Janet Smith was diagnosed with ovarian cancer, which developed in the State of Virginia.  Plaintiff Janet Smith developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Janet Smith has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Janet Smith has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Janet Smith applied talcum powder in the State of Virginia.

79.     Plaintiff Julie Stewart is a citizen of the City of Washington, State of Utah.  At all pertinent times, including from approximately 1962 to 2015, Plaintiff Julie Stewart purchased and applied talcum powder in the States of Utah and Nevada.  In or around December 2014, Plaintiff Julie Stewart was diagnosed with fallopian tube cancer, which developed in the State of Utah.   Plaintiff Julie Stewart developed fallopian tube cancer, and suffered effects attendant

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Julie Stewart has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Julie Stewart has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Julie Stewart applied talcum powder in the States of Utah and Nevada.

80.     Plaintiff Dena Suter is a citizen of the City of Eva, State of Alabama.  At all pertinent times, including from approximately March 1956 to March 2016, Plaintiff Dena Suter purchased and applied talcum powder in the States of Michigan and Alabama.  In or around August 2015, Plaintiff Dena Suter was diagnosed with ovarian cancer, which developed in the State of Alabama.  Plaintiff Dena Suter developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Dena Suter has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Dena Suter has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Dena Suter applied talcum powder in the States of Michigan and Alabama.

81.     Plaintiff Elizabeth Swetish is a citizen of the City of College Station, State of Texas.  At all pertinent times, including from approximately 1976 to 1996 Plaintiff Elizabeth

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

Swetish purchased and applied talcum powder in the State of Texas.  In or around January 2004, Plaintiff Elizabeth Swetish was diagnosed with ovarian cancer, which developed in the State of Texas.  Plaintiff Elizabeth Swetish developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Elizabeth Swetish has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Elizabeth Swetish has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Elizabeth Swetish applied talcum powder in the State of Texas.

82.     Plaintiff Cynthia White is a citizen of the City of Maitland, State of Florida.  At all pertinent times, including from approximately 2006 to 2014, Plaintiff Cynthia White purchased and applied talcum powder in the State of Florida.   In or around 2013, Plaintiff Cynthia White was diagnosed with ovarian cancer, which developed in the State of Florida. Plaintiff Cynthia White developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Cynthia White has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Cynthia White has otherwise been damaged in a personal and

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

pecuniary nature.  At all pertinent times, Plaintiff Cynthia White applied talcum powder in the State of Florida.

83.     Plaintiff Donna Williams is a citizen of the City of Winchester, State of Kentucky.  At all pertinent times, including from approximately 1974 to 2008, Plaintiff Donna Williams purchased and applied talcum powder in the State of Kentucky.  In or around June 2006, Plaintiff Donna Williams was diagnosed with ovarian cancer, which developed in the State of Kentucky.  Plaintiff Donna Williams developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Plaintiff Donna Williams has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Donna Williams has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Donna Williams applied talcum powder in the State of Kentucky.

84.     Plaintiff, Janet J. Young, is a citizen of the City of McCarley, State of Mississippi.  At all pertinent times, including approximately 1969 through 2012, Plaintiff, Janet J. Young, purchased and applied talcum powder in the State of Mississippi.  In or around February 20, 2014, Plaintiff, Janet J. Young, was diagnosed with ovarian cancer, which developed in the State of Mississippi.  Plaintiff, Janet J. Young, developed ovarian cancer, and suffered effect attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff, Janet J. Young, has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff, Janet J. Young, has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff, Janet J. Young, applied talcum powder in the State of Mississippi.

85.     Plaintiff Della Zane is a citizen of the City of Deepwater, State of New Jersey.  At all pertinent times, including from approximately 1985 to 2015, Plaintiff Della Zane purchased and applied talcum powder in the State of New Jersey.  In or around July 2012, Plaintiff Della Zane was diagnosed with ovarian cancer, which developed in the State of New Jersey.  Plaintiff Della Zane developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Della Zane has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Della Zane has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Della Zane applied talcum powder in the State of New Jersey.

86.     Plaintiff Dionne Zaske is a citizen of the City of Oklahoma City, State of Oklahoma.  At all pertinent times, including from approximately 1989 to February 2014, Plaintiff Dionne Zaske purchased and applied talcum powder in the States of Oregon, Washington, Florida and Arkansas.  In or around January 2014, Plaintiff Dionne Zaske was diagnosed with ovarian cancer, which developed in the State of Arkansas.  Plaintiff Dionne Zaske developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

result of the unreasonably dangerous and defective nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder.  As a direct and proximate result of these injuries, Plaintiff Dionne Zaske has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Dionne Zaske has otherwise been damaged in a personal and pecuniary nature.  At all pertinent times, Plaintiff Dionne Zaske applied talcum powder in the States of Oregon, Washington, Florida and Arkansas.

87.     Defendant, Johnson & Johnson, is a New Jersey corporation with its principal place of business in the State of New Jersey.

88.     At all relevant times, Johnson & Johnson was engaged in the business of manufacturing, marketing, testing, promoting, selling, and/or distributing the PRODUCTS. At all relevant times, Johnson & Johnson regularly transacted, solicited, and conducted business in all States of the United States, including the State of Missouri.

89.     Defendant Johnson and Johnson Consumer Incorporated f/k/a Johnson & Johnson Consumer Companies, Inc. is a New Jersey corporation with its principal place of business in the State of New Jersey.

90.     At all relevant times, Johnson and Johnson Consumer Incorporated[1] was engaged in the business of manufacturing, marketing, testing, promoting, selling, and/or distributing the PRODUCTS. At all relevant times, Johnson and Johnson Consumer Incorporated regularly transacted, solicited, and conducted business in all States of the United States, including the State of Missouri.

---

[1] All allegations regarding actions taken by Johnson & Johnson Consumer, Inc. also include actions taken while that entity was known as Johnson & Johnson Consumer Companies, Inc.

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

91.     Defendant Johnson & Johnson formulated, manufactured, marketed, tested, promoted, sold and distributed the PRODUCTS prior to Johnson & Johnson Consumer, Inc. f/k/a Johnson & Johnson Consumer Companies, Inc. coming into existence.

92.     Defendant Imerys Talc America, Inc., f/k/a Luzenac America, Inc. is a Delaware corporation with its principal place of business in the State of California.

93.     At all relevant times, Imerys Talc America, Inc., f/k/a Luzenac America, Inc. (hereinafter described as "Imerys Talc" or "Imerys Talc America, Inc."), has been in the business of mining and distributing talcum powder for use in talcum powder based products, including the PRODUCTS. Imerys Talc is the successor or continuation of Luzenac America, Inc., and Imerys Talc America, Inc. is legally responsible for all liabilities incurred when it was known as Luzenac America, Inc.

94.     At all relevant times, all Defendants were engaged in the research, development, manufacture, design, testing, sale and marketing of PRODUCTS, and introduced such products into interstate commerce with knowledge and intent that such products be sold in all States, including the States of Alabama, Arizona, California, Connecticut, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kentucky, Louisiana, Massachusetts, Maryland, Michigan, Missouri, Mississippi, Nevada, New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Pennsylvania, Rhode Island, Tennessee, Texas, Utah, and Virginia.

## **VENUE**

95. RSMo § 508.010, Missouri's general venue statute provides:

> Notwithstanding any other provision of law, in all actions in which there is any count alleging a tort and in which the plaintiff was first injured in the state of Missouri, venue shall be in the county where the plaintiff was first injured by the wrongful acts or negligent conduct alleged in the action.

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

RSMo § 508.010.4

96.     Plaintiff Barbara Hinton was living in St. Louis City when she first used the PRODUCTS, and therefore was "first injured by the wrongful acts or negligent conduct alleged" in this action in the City of St. Louis, Missouri. Therefore, venue is proper pursuant to RSMo § 508.010.4.

97.     Venue is further proper in this Court pursuant to RSMo § 508.010.4 because Plaintiff Barbara Hinton at all relevant times, purchased, used, and was exposed to the Products in the City of St. Louis, Missouri.

## **ALLEGATIONS COMMON TO ALL COUNTS**

98.     Talc is a magnesium trisilicate that is mined from the earth.  Talc is an inorganic mineral. The Defendant, Imerys Talc America, Inc., f/k/a Luzanec America, Inc. mined the talc contained in the PRODUCTS.

99.     Talc is the main substance in talcum powders.   The Johnson & Johnson Defendants manufactured the PRODUCTS. The PRODUCTS are composed almost entirely of talc.

100.    At all relevant times, a feasible alternative to the PRODUCTS has existed. Cornstarch is an organic carbohydrate that is quickly broken down by the body with no known health effects.  Cornstarch powders have been sold and marketed for the same uses with nearly the same effectiveness as the PRODUCTS.

101.    At all relevant times, Defendant Imerys Talc[2] mined the talc contained in the PRODUCTS.

---

[2] All allegations regarding actions taken by Imerys Talc also include actions taken while that entity was known as Luzenac America, Inc.

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

102.    At all relevant times, Imerys Talc continually advertised and marketed talc as safe for human use.

103.    At all relevant times, Imerys Talc supplied its customers, including the Johnson & Johnson Defendants, with Material Safety Data Sheets ("MSDS") for talc, which were supposed to convey adequate health and warning information to its customers.

104.    Historically, "Johnson's Baby Powder" has been a symbol of freshness, cleanliness, and purity.  During the time in question, the Johnson & Johnson Defendants advertised and marketed this product as a symbol of "freshness" and "comfort," eliminating friction on the skin, absorbing "excess wetness" to keep skin feeling dry and comfortable, and "clinically proven gentle and mild."  The Johnson & Johnson Defendants compelled women through advertisements to dust themselves with this product to mask odors.  The bottle of "Johnson's Baby Powder" specifically targets women, stating: "For you, use every day to help feel soft, fresh, and comfortable."[3]

105.    At all relevant times, the Johnson & Johnson Defendants advertised and marketed their "Shower to Shower" product as safe for use by women as evidenced in its slogan, "A sprinkle a day keeps odor away," and through advertisements such as: "Your body perspires in more places than just under your arms.  Use SHOWER to SHOWER to feel dry, fresh, and comfortable throughout the day;" and "SHOWER to SHOWER can be used all over your body."

106.    Plaintiffs used the PRODUCTS to dust their perineum for feminine hygiene purposes. This was an intended and foreseeable use of the PRODUCTS based on the advertising, marketing, and labeling of the PRODUCTS.

---

[3] Retailer Wal-Mart lists the labels for Johnson's Baby Powder, http://www.walmart.com/ip/Johnson-s-Baby-Powder-22-oz/10294007.

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

107.    Upon information and belief, in 1971, the first study was conducted that suggested an association between talc and ovarian cancer.  This study was conducted by Dr. WJ Henderson and others in Cardiff, Wales.

108.    Upon information and belief, in 1982, the first epidemiologic study was performed on talc powder use in the female genital area.  That study was conducted by Dr. Daniel Cramer and others.  This study found a ninety-two percent increased risk of ovarian cancer with women who reported genital talc use.  Shortly after this study was published, Dr. Bruce Semple of Johnson & Johnson came and visited Dr. Cramer about his study.  Dr. Cramer advised Dr. Semple that Johnson & Johnson should place a warning on its talcum powders about the ovarian cancer risks so that women can make an informed decision about their health.

109.    Upon information and belief, since approximately 1982, there have been approximately twenty-two additional epidemiologic studies providing data regarding the association of talc and ovarian cancer. Nearly all of these studies have reported an elevated risk of ovarian cancer associated with genital talc use in women.

110.    Upon information and belief, in or about 1993, the United States National Toxicology Program published a study on the toxicity of non-asbestos form talc and found clear evidence of carcinogenic activity.  Talc was found to be a carcinogen, with or without the presence of asbestos-like fibers.[4]

---

[4] Inhalation Toxicology Research Institute Annual Report, 1993 – 1994, https://www.google.com/url?sa=t&rct=j&q=&esrc=s&source=web&cd=5&ved=0CEEQFjAE&url=http%3A%2F%2Fwww.dtic.mil%2Fget-tr-doc%2Fpdf%3FAD%3DADA292037&ei=XX4IVMfxPIbIsASfyIKwCA&usg=AFQjCNGnPtuTJc4YRHp3v0VFPJlOV2yH2w&sig2=WTznSlZK9GojkDadkub0Sw&bvm=bv.74649129,d.cWc&cad=rja.

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

111.    Upon information and belief, in response to the United States National Toxicology Program's study, the Cosmetic Toiletry and Fragrance Association (CTFA), now known as the PCPC, formed the Talc Interested Party Task Force (TIPTF).  Johnson & Johnson, Inc., Johnson and Johnson Consumer Incorporated, and Luzenac—now known as Imerys Talc— were members of the CTFA and were the primary actors and contributors of the TIPTF. The stated purpose of TIPTF was to pool financial resources of these companies in order to collectively defend talc use at all costs and to prevent regulation of any type over this industry. TIPTF hired scientists to perform biased research regarding the safety of talc. TIPTF members, including Johnson & Johnson and Luzenac, then edited these scientific reports hired by this group prior to the submissions of these scientific reports to governmental agencies. In addition, members of TIPTF knowingly released false information about the safety of talc to the consuming public and used political and economic influence on regulatory bodies regarding talc. These activities were conducted by these companies and organizations over the past four decades in an effort to prevent regulation of talc and to create confusion to the consuming public about the true hazards of talc and its association to ovarian cancer.

112.    Upon information and belief, on or about November 19, 1994, the Cancer Prevention Coalition sent a letter to then Johnson & Johnson C.E.O. Ralph Larsen, urging him to substitute cornstarch for talcum powder products and to label its products with a warning on cancer risks.[5]

113.    Upon information and belief, in or about 1996, the FDA requested that the condom industry stop dusting condoms with talc due to the health concerns that studies linked

---

[5] Petition Seeking a Cancer Warning on Cosmetic Talc Products, May 13, 2008
http://www.preventcancer.com/publications/pdf/FINAL_CitPetTalcOvCa_may138.pdf.

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

talc to ovarian cancer.  Upon this request, all U.S. manufacturers discontinued the use of talc in its condom manufacturing process to reduce the potential health hazards to women.[6]

114.    Upon information and belief, in or about 1990, the U.S. Food and Drug Administration (FDA) asked manufacturers to voluntarily stop putting talc on surgical gloves because mounting scientific evidence showed that it caused adhesions in surgical patients.[7]

115.    Upon information and belief, in or about February 2006, the International Agency for Research on Cancer (IARC), the specialized cancer agency of the World Health Organization, published a paper whereby they classified perineal use of talc-based body powder as a "Group 2B" human carcinogen.[8]  IARC, which is universally accepted as the international authority on cancer issues, concluded that studies from around the world consistently found an increased risk of ovarian cancer in women who used talc in perineal areas.  IARC determined that between 16-52% of women worldwide used talc to dust their perineum and found an increased risk of ovarian cancer in women talc users ranging from 30-60%.

116.    Upon information and belief, in or about 2006, the Canadian government, under The Hazardous Products Act and associated Controlled Products Regulations, classified talc as a "D2A," "very toxic," "cancer-causing" substance under its Workplace Hazardous Materials Information System (WHMIS).  Asbestos is also classified as "D2A."

117.    Upon information and belief, in or about 2006, Defendant Imerys Talc began placing a warning on the MSDS it provided to the Johnson & Johnson Defendants regarding the talc it sold to them for use in the PRODUCTS.  The MSDSs not only provided the warning

---

[6] "A Women's Campaign Against Talc on Condoms," *Philly*.com, http://articles.philly.com/1996-01-08/living/25652370_1_talc-condoms-ovarian-cancer.
[7] *Id.*
[8] IARC, "Perineal use of talc-based body powder (Group 2B)," *available at* http://monographs.iarc.fr/ENG/Monographs/PDFs/93-talc.pdf.

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

information about the IARC classification but also included warning information regarding "States Rights to Know" and warning information about the Canadian Government's D2A classification of talc.

118.    In 2008, the Cancer Prevention Coalition submitted a "Petition Seeking a Cancer Warning on Cosmetic Talc Products" to the FDA.  The petition requested that the FDA immediately require cosmetic talcum powder products to bear labels with a prominent warning that frequent talc application in the female genital area is responsible for major risks of ovarian cancer.[9]

119.    In 2013, Cancer Prevention Research published a study that showed that women who used talcum powder in their groin area had a 20 to 30 percent greater risk of developing ovarian cancer than women who did not use talc products in that area.[10]

120.    Presently, the National Cancer Institute[11] and the American Cancer Society[12] list genital talc use as a "risk factor" for ovarian cancer.

121.    The Gilda Radner Familial Ovarian Cancer Registry, Roswell Park Center Institute, and the Department of Gynecologic Oncology University of Vermont publish a pamphlet entitled, "Myths & Facts about ovarian cancer: What you need to know." In this pamphlet, under "known" risk factors for ovarian cancer, it lists: "Use of Talc (Baby Powder) in the Genital Area."[13]

---

[9] Cancer Prevention Coalition "Petition Seeking a Cancer Warning on Cosmetic Talc Products" submitted to the FDA on May 13, 2008, http://www.organicconsumers.org/articles/article_12517.cfm
[10] "Genital powder use and risk of ovarian cancer: a pooled analysis of 8,525 cases and 9,859 controls," *Cancer Prevention Research*, June 2013, http://cancerpreventionresearch.aacrjournals.org/content/early/2013/06/12/1940-6207.CAPR-13-0037.short.
[11] National Cancer Institute, Ovarian Cancer Prevention, http://www.cancer.gov/cancertopics/pdq/prevention/ovarian/Patient/page3
[12] American Cancer Society, Risk Factors for Ovarian Cancer, http://www.cancer.org/cancer/ovariancancer/detailedguide/ovarian-cancer-risk-factors
[13] Myths and Facts About Ovarian Cancer, http://imaging.ubmmedica.com/cancernetwork/forpatients/pdfs/7_M&F%20Ovarian%20Cancer.pdf.

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

122.    The Defendants had a duty to know and warn about the hazards associated with the use of the PRODUCTS.

123.    The Defendants failed to inform its customers and end users of the PRODUCTS of a known catastrophic health hazard associated with the use of its PRODUCTS.

124.    In addition, the Defendants procured and disseminated false, misleading, and biased information regarding the safety of the PRODUCTS to the public and used influence over governmental and regulatory bodies regarding talc.

125.    As a direct and proximate result of the Defendants' calculation and reprehensible conduct, Plaintiffs were injured and suffered damages, namely ovarian cancer, which required surgeries and treatments.

## FEDERAL STANDARDS AND REQUIREMENTS

126.    Plaintiffs incorporate by reference all other paragraphs of this Petition as if fully set forth herein.

127.    At all relevant times, Defendants had the obligation to comply with federal standards and regulations in the manufacture, design, marketing, branding, labeling, distribution, and sale of the PRODUCTS.

128.    Defendants, each individually, *in solido*, and/or jointly, violated the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §301, *et seq.*

129.    Defendants have or may have failed to comply with federal standards and requirements governing the manufacture, design, marketing, branding, and sale of the PRODUCTS including, but not limited to, the following violations of sections and subsections of the United States Code and the Code of Federal Regulations:

        a.  THE PRODUCTS are adulterated in violation of 21 U.S.C. § 361 because, among other things, they contain a poisonous or deleterious substance

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

which may render them injurious to users under the conditions of use prescribed in the labeling thereof, or under such conditions of use as are customary or usual.

b. The PRODUCTS are misbranded in violation of 21 U.S.C. § 362 because, among other things, their labeling is false or misleading.

c. The PRODUCTS are misbranded in violation 21 U.S.C. § 362 because words, statements, or other information required by or under authority of 21 U.S.C. § 362 are not prominently placed thereon with such conspicuousness and in such terms as to render them likely to be read and understood by the ordinary individual under customary conditions of purchase and use.

d. The PRODUCTS are misbranded in violation of 21 C.F.R. § 701.1 because they contain false or misleading representations that they are safe for daily application to all parts of the female body.

e. The PRODUCTS do not bear a warning statement, in violation of 21 C.F.R. § 740.1, to prevent a health hazard that may be associated with the PRODUCTS, namely that the PRODUCTS may cause ovarian cancer or a heightened risk of ovarian cancer when applied to the perineal area.

f. The PRODUCTS do not prominently and conspicuously bear a warning statement, in violation of 21 C.F.R. § 740.2, as to the risk of ovarian cancer caused by the use of the PRODUCTS when applied to the perineal area, in such terms and design that it is likely to be read and understood by the ordinary individual under customary conditions of purchase and use.

g. The PRODUCTS, in violation of 21 C.F.R. § 740.10, do not conspicuously state on their principal display panel that the safety of the PRODUCTS have not been determined and/or that the safety of the PRODUCTS' principal ingredients have not been determined.

## COUNT ONE – VIOLATION OF MISSOURI MERCHANDIZING PRACTICE ACT, § 407.020 *et seq.* (Johnson & Johnson Defendants)

130.   Plaintiffs incorporate by reference all other paragraphs of this Petition as if fully set forth herein.

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

131.    At all relevant times, the Johnson & Johnson Defendants knew or should have known of the unreasonably dangerous and carcinogenic nature of talc, especially when applied in a women's perineal region.

132.    At all relevant times, the Johnson & Johnson Defendants, through their labeling, advertisements, public representations and marketing of the PRODUCTS, intentionally used deception, fraud, false pretenses, false promises, misrepresentations and unfair trade practices in order to mislead consumers that the PRODUCTS were safe for use in the female perineal area.

133.    The labeling and advertisements for the PRODUCTS include, but are not limited to, the following statements: "For you, use every day to help feel soft, fresh, and comfortable;"[14] "A sprinkle a day keeps the odor away;" "Your body perspires in more places than just under your arms;" "Use SHOWER to SHOWER to feel dry, fresh, and comfortable throughout the day;" and "SHOWER to SHOWER can be used all over your body."[15]

134.    In particular, the Johnson & Johnson Defendants advertised the product SHOWER to SHOWER to be applied "all over," and suggested that women use it to "Soothe Your Skin: Sprinkle on problem areas to soothe skin that has been irritated from friction. Apply after a bikini wax to help reduce irritation and discomfort."

135.    At all relevant times, the Johnson & Johnson Defendants also engaged in the concealment, suppression and/or omission of material facts in connection with the sale and/or advertisement of the PRODUCTS in trade or commerce. In particular, the Johnson & Johnson Defendants failed to disclose to the public that the PRODUCTS were unsafe and posed serious health hazards, particularly when used in the perineal areas of women. The first study that suggested an association between talc and ovarian cancer was conducted in 1971, and studies

---

[14] Retailer Wal-Mart lists the labels for Johnson's Baby Powder, http://www.walmart.com/ip/Johnson-s-Baby-Powder-22-oz/10294007.
[15] Johnson & Johnson Shower to Shower website, http://showertoshower.com/the-power-of-powder.

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

confirming this association have been and continue to be conducted. The Johnson & Johnson Defendants were aware of the hazardous risks posed by the PRODUCTS and yet failed to inform the public of these risks through their advertisements, labeling, or other means available to them. The Johnson & Johnson Defendants' failure to state material facts about their PRODUCTS constitutes a violation of V.A.M.S. § 407.020.

136.    At all relevant times, Plaintiffs were deceived by Defendants' intentional misrepresentations and omissions, including by the orchestrated claims made on or in television commercials, advertising materials, websites, and on product labels and packaging regarding the usage and safety of the PRODUCTS.

137.    At all relevant times, Plaintiffs acted in reasonable reliance upon the Johnson & Johnson Defendants' unlawful trade practices, and had the Johnson & Johnson Defendants not engaged in the deceptive conduct described herein, Plaintiffs would not have purchased and/or received the PRODUCTS.

138.    As a direct and proximate result of Johnson & Johnson Defendants' unlawful trade practices, Plaintiffs developed ovarian cancer and have been injured catastrophically and have been caused severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort and economic damages.

WHEREFORE, Plaintiffs pray for judgment against Johnson & Johnson Defendants in a fair and reasonable sum in excess of $25,000.00 together with costs expended herein and such further and other relief as the Court deems just and appropriate.

## COUNT TWO – STRICT LIABILITY FOR FAILURE TO WARN
### (Imerys Talc)

139.    Plaintiffs incorporate by reference all other paragraphs of this Petition as if fully set forth herein.

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

140.    At all relevant times, Imerys Talc mined and sold talc to the Johnson & Johnson Defendants with full knowledge that the Johnson & Johnson Defendants were then packaging the talc and selling to consumers as the PRODUCTS and consumers of the PRODUCTS were using it to powder their perineal regions.

141.    At all relevant times, by mining talc and supplying that talc to the Johnson & Johnson Defendants for use in the PRODUCTS, Imerys Talc was knowingly an integral part of the overall manufacture, design, and production of the PRODUCTS and their introduction into the stream of interstate commerce.

142.    At all relevant times, Imerys Talc knew or should have known of the unreasonably dangerous and carcinogenic nature of the talc it was selling to the Johnson & Johnson Defendants, especially when applied to a woman's perineal regions, and it knew or should have known that Johnson & Johnson was not warning its consumers of this danger.

143.    At all relevant times, Imerys Talc knew or should have known that the use of the PRODUCTS significantly increase the risk of ovarian cancer in women based upon scientific knowledge dating back until at least 1971.

144.    At all relevant times, the PRODUCTS were defective and unreasonably dangerous when used in a reasonably foreseeable manner because, despite Imerys Talc's knowledge that the PRODUCTS were carcinogenic and could lead to an increased risk of ovarian cancer, Imerys Talc failed to provide adequate warning and/or instruction to consumers, including Plaintiff, regarding the increased risk of ovarian cancer associated with the use of the PRODUCTS when applied to the perineal area.

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

145.    Had Plaintiffs received warning or instruction regarding the increased risk of ovarian cancer associated with the PRODUCTS when applied to the perineal area, Plaintiffs would not have used the PRODUCTS in this manner.

146.    Due to the absence of any warning or instruction by the Defendants as to the significant health and safety risks posed by the PRODUCTS as described herein, Plaintiffs were unaware that the PRODUCTS created an increased risk of ovarian cancer, as this danger was not known to the general public.

147.    As a direct and proximate result of Imerys Talc's failure to warn Plaintiffs of the increased risk of ovarian cancer associated with the PRODUCTS when applied to the perineal area, despite their actual knowledge of this material fact, Plaintiffs developed ovarian cancer and have been injured catastrophically and have been caused severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort and economic damages.

WHEREFORE, Plaintiffs pray for judgment against Defendant Imerys Talc in a fair and reasonable sum in excess of $25,000.00 together with costs expended herein and such further and other relief as the Court deems just and appropriate.

## COUNT THREE – STRICT LIABILITY FOR FAILURE TO WARN
### (Johnson & Johnson Defendants)

148.    Plaintiffs incorporate by reference every other paragraph of this Petition as if each were set forth fully and completely herein.

149.    At all relevant times, the Johnson & Johnson Defendants were engaged in the business of manufacturing, marketing, testing, promoting, selling and/or distributing, and otherwise introducing into the stream of interstate commerce, the PRODUCTS.

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

150.    At all relevant times, the Johnson & Johnson Defendants knew or should have known that the use of the PRODUCTS in the female perineal area significantly increased the risk of ovarian cancer in women based upon scientific knowledge dating back until at least 1971.

151.    At all relevant times, the PRODUCTS, manufactured and supplied by the Johnson & Johnson Defendants, were defective and unreasonably dangerous because, despite the Johnson & Johnson Defendants' knowledge that its PRODUCTS were carcinogenic and could lead to an increased risk of ovarian cancer when applied to the female perineal area, a reasonably foreseeable use of the PRODUCTS, the Johnson & Johnson Defendants failed to provide adequate warning or instruction to consumers, including Plaintiffs, regarding the increased risk of ovarian cancer when the PRODUCTS are applied to the female perineal area.

152.    At all relevant times, Plaintiffs used the PRODUCTS to powder their perineal areas, a use that was reasonably foreseeable and for which the PRODUCTS were supplied.

153.    Had Plaintiffs received warning and/or instruction from the Johnson & Johnson Defendants regarding the increased risk of ovarian cancer associated with the PRODUCTS when applied to the perineal area, Plaintiffs would not have used the PRODUCTS in this manner.

154.    Due to the absence of any warning or instruction by the Johnson & Johnson Defendants as to the significant health and safety risks posed by the PRODUCTS as described herein, Plaintiffs were unaware that the PRODUCTS created an increased risk of ovarian cancer, as this danger was not known to the general public.

155.    As a direct and proximate result of Johnson & Johnson Defenadnts' failure to warn Plaintiffs of the increased risk of ovarian cancer associated with the PRODUCTS when applied to the perineal area, despite their actual knowledge of this material fact, Plaintiffs developed ovarian cancer and have been injured catastrophically and have been caused severe

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort and economic damages.

WHEREFORE, Plaintiffs pray for judgment against the Johnson & Johnson Defendants in a fair and reasonable sum in excess of $25,000.00 together with costs expended herein and such further and other relief as the Court deems just and appropriate.

### COUNT FOUR – STRICT LIABILITY FOR DEFECTIVE MANUFACTURE AND DESIGN (Imerys Talc)

156.    Plaintiffs incorporate by reference every other paragraph of this Petition as if each were set forth fully and completely herein.

157.    At all relevant times, Defendant Imerys Talc was engaged in the business of mining and distributing talcum to Johnson & Johnson Defendants for use in the PRODUCTS, and they were knowingly an integral part of the overall manufacture, design, and production of the PRODUCTS and their introduction into the stream of interstate commerce.

158.    At all relevant times, the PRODUCTS were expected to and did reach Plaintiffs without a substantial change in their condition.

159.    At all relevant times, the PRODUCTS were defectively and improperly manufactured and designed by Imerys Talc in that, when Imerys Talc supplied its talc product to Johnson & Johnson with full knowledge that Johnson & Johnson would use its talc in formulating the PRODUCTS and that the talc would be the primary ingredient in the PRODUCTS, the foreseeable risks of the PRODUCTS far outweighed the benefits associated with their design and formulation.

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

160.    At all relevant times, the PRODUCTS were defectively manufactured and designed by Imerys Talc in that their design and formulation is more dangerous than an ordinary consumer would expect when used in an intended and reasonably foreseeable manner.

161.    At all relevant times, the PRODUCTS created significant risks to the health and safety of consumers that far outweigh the risks posed by other products on the market used for the same therapeutic purpose.

162.    As a direct and proximate result of the defective design and manufacture of the PRODUCTS, Plaintiffs developed ovarian cancer and have been injured catastrophically and have been caused severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort and economic damages.

WHEREFORE, Plaintiffs pray for judgment against Defendant Imerys Talc in a fair and reasonable sum in excess of $25,000.00 together with costs expended herein and such further and other relief as the Court deems just and appropriate.

### COUNT FIVE – STRICT LIABILITY FOR DEFECTIVE MANUFACTURE AND DESIGN
#### (Johnson & Johnson Defendants)

163.    Plaintiffs incorporate by reference every other paragraph of this Petition as if each were set forth fully and completely herein.

164.    At all relevant times, the Johnson & Johnson Defendants were engaged in the business of manufacturing, formulating, creating, designing, testing, labeling, packaging, supplying, marketing, promoting, selling, advertising, and otherwise introducing the PRODUCTS into the stream of interstate commerce, which they sold and distributed throughout the United States.

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

165.    At all relevant times, the PRODUCTS were expected to and did reach Plaintiff without a substantial change in condition.

166.    At all relevant times, the PRODUCTS were defectively and improperly manufactured and designed by the Johnson & Johnson Defendants in that, when the PRODUCTS left the hands of the Johnson & Johnson Defendants, the foreseeable risks of the PRODUCTS far outweighed the benefits associated with their design and formulation.

167.    At all relevant times, the PRODUCTS were defectively manufactured and designed by the Johnson & Johnson Defendants in that their design and formulation is more dangerous than an ordinary consumer would expect when used in an intended and reasonably foreseeable manner.

168.    At all relevant times, the PRODUCTS created significant risks to the health and safety of consumers that far outweigh the risks posed by other products on the market used for the same therapeutic purpose.

169.    At all relevant times, a reasonable and safer alternative design existed, which could have feasibly been employed by the Johnson & Johnson Defendants to manufacture a product with the same therapeutic purpose as the PRODUCTS.  Despite knowledge of this reasonable and safer alternative design, the Johnson & Johnson Defendants failed to alter the PRODUCTS' design and formulation.  The magnitude of the danger created by the PRODUCTS far outweighs the costs associated with using an alternative, safer design.

170.    As a direct and proximate result of the defective design and manufacture of the PRODUCTS, Plaintiffs developed ovarian cancer and have been injured catastrophically and have been caused severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort and economic damages.

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

WHEREFORE, Plaintiffs pray for judgment against Johnson & Johnson Defendants in a fair and reasonable sum in excess of $25,000.00 together with costs expended herein and such further and other relief as the Court deems just and appropriate.

## COUNT SIX - NEGLIGENCE
### (Imerys Talc)

171.    Plaintiffs incorporate by reference every other paragraph of this Petition as if each were set forth fully and completely herein.

172.    At all relevant times, Imerys Talc had a duty to exercise reasonable care to consumers, including Plaintiffs herein, in the design, development, manufacture, testing, inspection, packaging, promotion, marketing, distribution, labeling and/or sale of the PRODUCTS.

173.    At all relevant times, Imerys Talc mined and sold talc to the Johnson & Johnson Defendants, which it knew was then being packaged and sold to consumers as the PRODUCTS by the Johnson and Johnson Defendants. Further, Imerys Talc knew that consumers of the PRODUCTS were using it to powder their perineal regions.

174.    At all relevant times, Imerys Talc knew or should have known that the use of the PRODUCTS in the perineal area significantly increases the risk of ovarian cancer based upon scientific knowledge dating back to the 1971.

175.    At all relevant times, Imerys Talc knew that Johnson & Johnson Defendants were not providing warnings to consumers of the PRODUCTS of the risk of ovarian cancer posed by talc contained therein.

176.    At all relevant times, Imerys Talc was negligent in providing talc to the Johnson & Johnson Defendants. Imerys Talc possessed information on the carcinogenic properties of talc, including its risk of causing ovarian cancer. Imerys Talc was negligent because it knew that the

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

talc they provided to Johnson & Johnson Defendants would be used in the PRODUCTS, but they did not adequately take steps to ensure that ultimate consumers of the PRODUCTS, including Plaintiffs, received the information that Imerys Talc possessed on the carcinogenic properties of talc.

177.    As a direct and proximate result of Imerys Talc's negligence, Plaintiffs developed ovarian cancer and have been injured catastrophically and have been caused severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort and economic damages.

WHEREFORE, Plaintiffs pray for judgment against Imerys Talc in a fair and reasonable sum in excess of $25,000.00, together with costs expended herein and such further and other relief as the Court deems just and appropriate.

## COUNT SEVEN – NEGLIGENCE
### (Johnson & Johnson Defendants)

178.    Plaintiffs incorporate by reference every other paragraph of this Petition as if each were set forth fully and completely herein.

179.    At all relevant times, the Johnson & Johnson Defendants breached their duty to Plaintiffs and were otherwise negligent in marketing, designing, manufacturing, producing, supplying, inspecting, testing, selling and/or distributing the PRODUCTS in one or more of the following respects:

a.  In failing to warn Plaintiffs of the hazards associated with the use of the PRODUCTS;

b.  In failing to properly test their products to determine adequacy and effectiveness or safety measures, if any, prior to releasing the PRODUCTS for consumer use;

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

c.  In failing to properly test the PRODUCTS to determine the increased risk of ovarian cancer during the normal and/or intended use of the PRODUCTS;

d.  In failing to inform ultimate users, such as Plaintiffs, as to the safe and proper methods of handling and using the PRODUCTS;

e.  In failing to remove the PRODUCTS from the market when the Defendants knew or should have known the PRODUCTS were defective;

f.  In failing to instruct the ultimate users, such as Plaintiffs, as to the methods for reducing the type of exposure to the PRODUCTS which caused increased risk of ovarian cancer;

g.  In failing to inform the public in general and the Plaintiffs in particular of the known dangers of using the PRODUCTS for dusting the perineum;

h.  In failing to advise users how to prevent or reduce exposure that caused an increased risk for ovarian cancer;

i.  In marketing and labeling the PRODUCTS as safe for all uses despite knowledge to the contrary;

j.  In failing to act like a reasonably prudent company under similar circumstances;

k.  In failing to use a safer alternative to talc in the PRODUCTS, such as cornstarch.

Each and all of these acts and omissions, taken singularly or in combination, were a proximate cause of the injuries and damages sustained by Plaintiffs.

180.   At all relevant times, the Johnson & Johnson Defendants knew or should have known that the PRODUCTS were unreasonably dangerous and defective when put to their reasonably anticipated use.

181.   As a direct and proximate result of the Johnson & Johnson Defendants' negligence, Plaintiffs purchased and used the PRODUCTS that directly and proximately caused each Plaintiff to develop ovarian cancer. As a direct and proximate result, Plaintiffs were caused to incur medical bills, lost wages, and conscious pain and suffering.

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

WHEREFORE, Plaintiffs pray for judgment against the Johnson & Johnson Defendants in a fair and reasonable sum in excess of $25,000.00, together with costs expended herein and such further and other relief as the Court deems just and appropriate.

### COUNT EIGHT – BREACH OF EXPRESS WARRANTY
### (Johnson & Johnson Defendants)

182.    Plaintiffs incorporate by reference every other paragraph of this Petition as if each were set forth fully and completely herein.

183.    At all relevant times, the Johnson & Johnson Defendants knew or should have known that the PRODUCTS were unreasonably dangerous and defective when put to their reasonably anticipated use.

184.    At all relevant times, the Johnson & Johnson Defendants expressly warranted, through direct-to-consumer marketing, advertisements, and labels, that the PRODUCTS were safe and effective for reasonably anticipated uses, including use by women in their perineal area.

185.    At all relevant times, the PRODUCTS did not conform to these express representations because they cause serious injury, including ovarian cancer, when used by women in the perineal area.

186.    As a direct and proximate result of the Defendants' breach of warranty, Plaintiffs purchased and used the PRODUCTS that directly and proximately caused each Plaintiff to develop ovarian cancer. Plaintiffs were caused to incur medical bills, lost wages, and conscious pain and suffering.

WHEREFORE, Plaintiffs pray for judgment against the Johnson & Johnson Defendants in a fair and reasonable sum in excess of $25,000.00, together with costs expended herein and such further and other relief as the Court deems just and appropriate.

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

## COUNT NINE– BREACH OF IMPLIED WARRANTIES
### (Johnson & Johnson Defendants)

187.    Plaintiffs incorporate by reference each of the preceding paragraphs as if fully set forth herein.

188.    At the time the Defendants manufactured, marketed, labeled, promoted, distributed and/or sold the PRODUCTS, the Johnson & Johnson Defendants knew of the uses for which the PRODUCTS were intended, including use by women in the perineal area. With this knowledge, they impliedly warranted the PRODUCTS to be of merchantable quality and safe for such use.

189.    Defendants breached their implied warranties of the PRODUCTS sold to Plaintiffs because they were not fit for their common, ordinary and intended uses, including use by women in the perineal area.

190.    As a direct and proximate result of the Johnson & Johnson Defendants' breach of implied warranties, Plaintiffs purchased and used the PRODUCTS that directly and proximately caused each Plaintiff to develop ovarian cancer. As a result, Plaintiffs were caused to incur medical bills, lost wages, and conscious pain and suffering.

WHEREFORE, Plaintiffs pray for judgment against the Johnson & Johnson Defendants in a fair and reasonable sum in excess of $25,000.00, together with costs expended herein and such further and other relief as the Court deems just and appropriate.

## COUNT TEN – CIVIL CONSPIRACY
### (All Defendants)

191.    Plaintiffs incorporate by reference every other paragraph of this Petition as if each were set forth fully and completely herein.

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

192.    Defendants and/or their predecessors-in-interest knowingly agreed, contrived, combined, confederated and conspired among themselves to cause Plaintiffs' injuries, diseases, and/or illnesses by exposing the Plaintiffs to harmful and dangerous PRODUCTS. Defendants further knowingly agreed, contrived, confederated and conspired to deprive the Plaintiffs of the opportunity of informed free choice as to whether to use the PRODUCTS or to expose themselves to the stated dangers. Defendants committed the wrongs as described herein by willfully misrepresenting and suppressing the truth as to the risks and dangers associated with the use of and exposure to the PRODUCTS.

193.    In furtherance of said conspiracies, Defendants performed the following overt acts:

a.   For many decades, Defendants, individually, jointly, and in conspiracy with each other, have been in possession of medical and scientific data, literature and test reports that clearly indicated that use of their by women resulting from ordinary and foreseeable use of the PRODUCTS were unreasonably dangerous, hazardous, deleterious to human health, carcinogenic, and potentially deadly;

b.   Despite the medical and scientific data, literature, and test reports possessed by and available to Defendants, Defendants individually, jointly, and in conspiracy with each other, fraudulently, willfully and maliciously:
    i.   Withheld, concealed and suppressed said medical information regarding the increased risk of ovarian cancer from Plaintiffs, as described above; In addition, on July 27, 2005, Defendants, as part of the TIPTF, corresponded about and agreed to edit and delete portions of scientific papers being submitted on their behalf to the United States Toxicology Program in an attempt to prevent talc from being classified as a carcinogen;

    ii.  Instituted a "defense strategy" through the TIPTF to defend talc at all costs. In furtherance of this defense strategy, Defendants, through the TIPTF, used their influence over the National Toxicology Program ("NTP") Subcommittee and the threat of litigation against the NTP to prevent the NTP from classifying talc as a carcinogen on its 10th Report on Carcinogens ("RoC");

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

iii.  Caused to be released, published and disseminated medical and scientific data, literature, and test reports containing information and statements regarding the risks of ovarian cancer which Defendants knew were incorrect, incomplete, outdated, and misleading. Specifically, Defendants, through the TIPTF, collectively agreed to release false information to the public regarding the safety of talc on July 1, 1992; July 8, 1992; and November 17, 1994. In a letter dated September 17, 1997, the Defendants were criticized by their own toxicologist consultant for releasing this false information to the public, yet nothing was done by the Defendants to correct or redact this public release of knowingly false information.

c.  By these false and fraudulent representations, omissions, and concealments, Defendants intended to induce and did induce the Plaintiffs to rely upon these false and fraudulent representations, omissions and concealments, and to continue to expose themselves to the dangers inherent in the use of and exposure to the PRODUCTS.

194.   Plaintiffs reasonably and in good faith relied upon the fraudulent representations, omissions, and concealments made by Defendants regarding the nature of the PRODUCTS.

195.   As a direct, foreseeable and proximate result of the Defendants' conspiracy, Plaintiffs purchased and used the PRODUCTS in the perineal areas, which directly and proximately caused each Plaintiff to develop ovarian cancer. Plaintiffs were caused to incur medical bills, lost wages, and conscious pain and suffering.

WHEREFORE, Plaintiffs pray for judgment against all Defendants, jointly and severely, in a fair and reasonable sum in excess of $25,000.00, together with costs expended herein and such further and other relief as the Court deems just and appropriate.

## COUNT ELEVEN – CONCERT OF ACTION
### (All Defendants)

196.   Plaintiffs incorporate by reference every other paragraph of this Petition as if each were set forth fully and completely herein.

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

197.    At all relevant times, Imerys Talc and the Johnson & Johnson Defendants knew that the PRODUCTS should contain warnings about the risk of ovarian cancer when women used the PRODUCTS to powder the perineal region, but they purposefully suppressed this information and omitted warnings from the PRODUCTS. They did so to maintain sales and profits of the Johnson & Johnson Defendants and Imerys Talc.

198.    As a direct, foreseeable and proximate result of the Defendants' concert of action, Plaintiffs purchased and used the PRODUCTS in their perineal areas. As a direct and proximate result of such use, each Plaintiff developed ovarian cancer, and Plaintiffs were caused to incur medical bills, lost wages, and conscious pain and suffering.

WHEREFORE, Plaintiffs pray for judgment against all Defendants, jointly and severely, in a fair and reasonable sum in excess of $25,000.00, together with costs expended herein and such further and other relief as the Court deems just and appropriate.

## COUNT TWELVE – FRAUD
### (Johnson & Johnson Defendants)

199.    Plaintiffs incorporate by reference every other paragraph of this Petition as if each were set forth fully and completely herein.

200.    At all relevant times, the Johnson & Johnson Defendants intentionally, willfully, and/or recklessly, with the intent to deceive, misrepresented and/or concealed material facts to consumers and users, including Plaintiffs.

201.    At all relevant times, the Johnson & Johnson Defendants misrepresented and/or concealed material facts concerning the PRODUCTS to consumers, including the Plaintiffs, with knowledge of the falsity of their misrepresentations.

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

202.    At all relevant times, upon information and belief, the misrepresentations and concealments concerning the PRODUCTS made by the Johnson & Johnson Defendants include, but are not limited to the following:

a.  The Johnson & Johnson Defendants falsely labeled and advertised the PRODUCTS in the following ways, among others: "For you, use every day to help feel soft, fresh, and comfortable," "a sprinkle a day keeps the odor away," "your body perspires in more places than just under your arms," "Use SHOWER to SHOWER to feel dry, fresh, and comfortable throughout the day," and "SHOWER to SHOWER can be used all over your body."

b.  The Johnson & Johnson Defendants falsely advertised the PRODUCT SHOWER to SHOWER to be applied "all over," and in particular, urges women to use it to "Soothe Your Skin: Sprinkle on problem areas to soothe skin that has been irritated from friction. Apply after a bikini wax to help reduce irritation and discomfort."

c.  The Johnson & Johnson Defendants, through the advertisements described above, knowingly misrepresented to Plaintiff and the public that the PRODUCTS were safe for use all over the body, including the perineal areas of women.

d.  The Johnson & Johnson Defendants intentionally failed to disclose that talc and the associated PRODUCTS, when used in the perineal area, increase the risk of ovarian cancer.

e.  The Johnson & Johnson Defendants intentionally failed to include adequate warnings with the PRODUCTS regarding the potential and actual risks of using the PRODUCTS in the perineal area on women and the nature, scope, severity, and duration of any serious injuries resulting therefrom.[16]

f.  Despite knowing about the carcinogenic nature of talc and its likelihood to increase the risk of ovarian cancer in women, the Johnson & Johnson Defendants falsely marketed, advertised, labeled and sold the PRODUCTS as safe for public consumption and usage, including for use by women to powder their perineal areas.

[16] Household Products Database, Label for Johnson's Baby Powder, Original, http://householdproducts.nlm.nih.gov/cgi-bin/household/brands?tbl=brands&id=10001040

84

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

203.    At all relevant times, the Johnson & Johnson Defendants actively, knowingly, and intentionally concealed and misrepresented these material facts to the consuming public with the intent to deceive the public and Plaintiffs, and with the intent that the consumers would purchase and use the PRODUCTS in the female perineal area.

204.    At all relevant times, the consuming public, including Plaintiffs, would not otherwise have purchased the PRODUCTS and/or applied the PRODUCTS in the perineal area if they had been informed of the risks associated with the use of the PRODUCTS in the perineal area.

205.    At all relevant times, Plaintiffs relied on the Johnson & Johnson Defendants' misrepresentations concerning the safety of the PRODUCTS when purchasing the PRODUCTS and using them in her perineal area, and her reliance was reasonable and justified.

206.    As a direct, foreseeable and proximate result of the Johnson & Johnson Defendants' fraudulent conduct, Plaintiffs purchased and used the PRODUCTS in their perineal areas. As a direct and proximate result of such use, each Plaintiff developed ovarian cancer, and Plaintiffs were caused to incur medical bills, lost wages, and conscious pain and suffering.

WHEREFORE, Plaintiffs pray for judgment against all Defendants, jointly and severely, in a fair and reasonable sum in excess of $25,000.00, together with costs expended herein and such further and other relief as the Court deems just and appropriate.

## COUNT THIRTEEN – NEGLIGENT MISREPRESENTATION
### (All Defendants)

207.    As a direct, foreseeable and proximate result of the Johnson & Johnson Defendants' fraudulent conduct, Plaintiffs purchased and used the PRODUCTS in their perineal areas. As a direct and proximate result of such use, each Plaintiff developed ovarian cancer, and Plaintiffs were caused to incur medical bills, lost wages, and conscious pain and suffering.

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

208.    Defendants had a duty to accurately and truthfully represent to the medical and healthcare community, Plaintiffs and the public that the PRODUCTS had been tested and found to be safe and effective for use in the perineal area. However, the representations made by Defendants, in fact, were false.

209.    Defendants failed to exercise ordinary care in the representations concerning the PRODUCTS while they were involved in their manufacture, sale, testing, quality assurance, quality control, and distribution in interstate commerce, because Defendants negligently misrepresented the PRODUCTS' high risk of unreasonable, dangerous, adverse side effects.

210.    Defendants breached their duty in representing that the PRODUCTS were safe for use in the perineal areas of women.

211.    At all relevant times, upon information and belief, the misrepresentations, omissions and concealments concerning the PRODUCTS made by the Defendants include, but are not limited to the following:

 a. The Johnson & Johnson Defendants labeled and advertised the PRODUCTS in the following ways, among others: "For you, use every day to help feel soft, fresh, and comfortable;" "A sprinkle a day keeps the odor away;" "Your body perspires in more places than just under your arms;" "Use SHOWER to SHOWER to feel dry, fresh, and comfortable throughout the day; and "SHOWER to SHOWER can be used all over your body."

 b. The Johnson & Johnson Defendants advertised the product SHOWER to SHOWER to be applied "all over," and in particular, urged women to use it to "Soothe Your Skin: Sprinkle on problem areas to soothe skin that has been irritated from friction.  Apply after a bikini wax to help reduce irritation and discomfort."

 c. Defendants, through the advertisements described above, among others, misrepresented to consumers, including the Plaintiffs, that the PRODUCTS were safe for use all over the body, including the female perineal area.

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

d.  Despite actual knowledge of the health risks of the PRODUCTS, the Defendants failed to disclose to the consumers and the Plaintiffs, through adequate warnings, representations, labeling, or otherwise, that the PRODUCTS were inherently dangerous and carcinogenic in nature, which poses serious health risks to consumers.

e.  Despite actual knowledge that the use of the PRODUCTS in the perineal area created a significantly increased risk of ovarian cancer, the Defendants failed to disclose to consumers and the Plaintiff, through adequate warnings, representations, labeling, or otherwise, that material fact.

f.  Despite knowing about the carcinogenic nature of talc and its likelihood to increase the risk of ovarian cancer in women, the Johnson & Johnson Defendants falsely marketed, advertised, labeled and sold the PRODUCTS as safe for public consumption and usage, including for use by women to powder their perineal areas.

212.    At all relevant times, Defendants failed to exercise reasonable care in ascertaining or sharing information regarding the safe use of PRODUCTS, failed to disclose facts indicating that the PRODUCTS were inherently dangerous and carcinogenic in nature, and otherwise failed to exercise reasonable care in communicating the information concerning the PRODUCTS to Plaintiff and/or concealed relevant facts that were known to them.

213.    At all relevant times, Plaintiffs were not aware of the falsity of the foregoing misrepresentations, nor was she aware that material facts concerning talc and the PRODUCTS had been concealed or omitted.  In reasonable reliance upon the Johnson & Johnson Defendants' misrepresentations and/or omissions, Plaintiffs were induced to and did purchase the PRODUCTS and did use the PRODUCTS on her perineal area.  If the Defendants had disclosed true and accurate material facts concerning the risks of the use of the PRODUCTS, in particular the risk of developing ovarian cancer from using the PRODUCTS in the female perineal area, Plaintiffs would not have purchased and/or received the PRODUCTS and/or used the PRODUCTS in that manner.

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

214.    Plaintiffs' reliance upon the Defendants' misrepresentations and omissions was justified and reasonable because, among other reasons, those misrepresentations and omissions were made by individuals and entities who were in a position to know the material facts concerning the PRODUCTS and the association between the PRODUCTS and the incidence of ovarian cancer, while Plaintiff was not in a position to know these material facts, and because the Johnson & Johnson Defendants failed to warn or otherwise provide notice to the consuming public as to the risks of the PRODUCTS, thereby inducing Plaintiff to use the PRODUCTS in lieu of safer alternatives and in ways that created unreasonably dangerous risks to her health. At all relevant times, the Defendants' corporate officers, directors, and/or managing agents knew of and ratified the acts of the Johnson & Johnson Defendants, as alleged herein.

215.    As a direct and proximate result of Defendants' conduct, Plaintiffs have been injured and sustained severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care and comfort, and economic damages.

WHEREFORE, Plaintiffs demand judgment against Defendants, individually, jointly, severally, and in the alternative, requests compensatory damages, punitive damages, together with interest, costs of suit, attorneys' fees, and such further relief as the Court deems equitable and just.

### COUNT FOURTEEN – WRONGFUL DEATH
### (All Defendants)

216.    Plaintiffs incorporate by reference every other paragraph of this Petition as if each were set forth fully and completely herein.

217.    As a direct and proximate result of the acts and/or omissions of Defendants as set forth herein, the Decedents named in this action used the PRODUCTS in their perineal areas.

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

Subsequent to such use, Decedents developed ovarian cancer, suffered substantial pain and suffering, both physical and emotional in nature, and subsequently died.

218.    Plaintiffs, on behalf of themselves and all of the next of kin of Decedents, are entitled to recover damages as Decedents would have if they were living, as a result of acts and/or omissions of Defendants.

219.    Plaintiffs, on behalf of themselves and all of Decedents' next of kin are also entitled to recover punitive damages and damages for substantial pain and suffering caused to Decedents from the acts and/or omissions of Defendants as fully set forth herein, including without limitations, punitive damages.

220.    As a direct and proximate result of Defendants' conduct, Plaintiffs and Decedents have been injured and sustained severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care and comfort, and economic damages.

WHEREFORE, Plaintiffs demand judgment against Defendants, individually, jointly, severally, and in the alternative, requests compensatory damages, punitive damages, together with interest, costs of suit, attorneys' fees, and such further relief as the Court deems equitable and just.

## COUNT FIFTEEN – PUNITIVE DAMAGES
### (All Defendants)

221.    Plaintiffs incorporate by reference every other paragraph of this Petition as if each were set forth fully and completely herein.

222.    The Defendants have acted willfully, wantonly, maliciously, with an evil motive, and recklessly in one or more of the following ways:

a.   Defendants knew of the unreasonably high risk of ovarian cancer posed by the PRODUCTS before manufacturing, marketing, distributing and/or selling the PRODUCTS, yet purposefully proceeded with such action;

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

b. Despite their knowledge of the high risk of ovarian cancer associated with the PRODUCTS, Defendants affirmatively minimized this risk through marketing and promotional efforts and product labeling;

c. Through the actions outlined above, Defendants expressed a reckless indifference to the safety of users of the PRODUCTS, including Plaintiffs. Defendants knew of the dangers and risks of the PRODUCTS, yet they concealed and/or omitted this information from labels and warnings contained on the PRODUCTS in furtherance of their conspiracy and concerted action. These actions were outrageous because of Defendants' evil motive or a reckless indifference to the safety of users of the PRODUCTS.

223.    As a direct and proximate result of the willful, wanton, malicious, evilly motivated and/or reckless conduct of the Defendants, the Plaintiffs have sustained damages as set forth above.

WHEREFORE, Plaintiffs pray for a judgment for punitive damages against all Defendants, jointly and severally, in a fair and reasonable amount sufficient to punish Defendants and deter them and others from engaging in similar conduct in the future, costs expended herein, and such further and other relief as the Court deems just and appropriate.

## COUNT SIXTEEN – DAMAGES
### (Against All Defendants)

224.    Plaintiffs incorporate by reference every other paragraph of this Petition as if each were set forth fully and completely herein.

225.    Defendants knew of the dangerous condition of the PRODUCTS, including that they posed a danger to their consumers, including Plaintiffs, but chose not to include any warnings or information regarding the dangerous condition of the PRODUCTS.

226.    Defendants showed complete indifference to or conscious disregard of the safety of Plaintiffs by their conduct described herein. Defendants knew or should have known failure to

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

include a warning for the PRODUCTS would result in women using the PRODUCTS in their perineal areas and subsequently developing ovarian cancer.

227.    Plaintiffs are entitled to exemplary damages to punish Defendants and to deter Defendants and others in similar situations from like conduct.

WHEREFORE, Plaintiffs pray for judgment against Defendants for exemplary damages for the aggravating circumstances of decedents' deaths, to punish Defendants, and to deter Defendants and others from like conduct, and such other and further relief as this Court deems just, proper, and equitable.

## TOLLING STATUTE OF LIMITATIONS

228.    Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

229.    Plaintiffs have suffered an illness that has a latency period and does not arise until many years after exposure. Plaintiffs' illnesses did not distinctly manifest themselves until they were made aware that their ovarian cancer could be caused by their use of the Defendants' products. Consequently, the discovery rule applies to these cases, and the statute of limitations has been tolled until the day that Plaintiffs knew or had reason to know that their ovarian cancer was linked to their use of the Defendants' products.

230.    Furthermore, the running of any statute of limitations has been equitably tolled by reason of Defendants' fraudulent concealment and conduct. Through their affirmative misrepresentations and omissions, Defendants actively concealed from Plaintiffs the true risks associated with PRODUCTS.

231.    As a result of Defendants' actions, Plaintiffs were unaware, and could not reasonably know or have learned through reasonable diligence, that Plaintiffs had been exposed

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

to the risks alleged herein and that those risks were the direct and proximate result of Defendants' acts and omissions.

232.    Furthermore, Defendants are estopped from relying on any statute of limitations because of their concealment of the truth regarding the safety of PRODUCTS. Defendants were under a duty to disclose the true character, quality and nature of PRODUCTS because this was non-public information over which they continue to have exclusive control. Defendants knew that this information was not available to Plaintiffs, their medical providers and/or their health facilities, yet they failed to disclose the information to the public.

233.    Defendants had the ability to and did spend enormous amounts of money in furtherance of their purposes of marketing and promoting a profitable product, notwithstanding the known or reasonably knowable risks. Plaintiffs and medical professionals could not have afforded to and could not have possibly conducted studies to determine the nature, extent and identity of related health risks, and they were forced to rely on Defendants' representations.

Respectfully submitted,

ONDER, SHELTON,
O'LEARY & PETERSON, LLC

By:    /s/ Stephanie Rados
James G. Onder, #38049
William W. Blair, #58196
Stephanie L. Rados, #65117
110 E. Lockwood, 2nd Floor
St. Louis, MO  63119
314-963-9000 telephone
314-963-1700 facsimile
onder@onderlaw.com
blair@onderlaw.com
rados@onderlaw.com

Electronically Filed - City of St. Louis - October 10, 2016 - 10:11 PM

OF COUNSEL:

R. Allen Smith, Jr. – MSB # 99984
THE SMITH LAW FIRM, PLLC
681 Towne Center Boulevard, Suite B
Ridgeland, Mississippi 39157
Telephone:  (601) 952-1422
Facsimile:  (601) 952-1426

Timothy W. Porter – MSB # 9687
Patrick C. Malouf – MSB # 9702
PORTER & MALOUF, PA
Post Office Box 12768
Jackson, Mississippi  39236-2768
Telephone:  (601) 957-1173
Facsimile:  (601) 957-7366

Ted G. Meadows – ALB # MEA014
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103
Telephone: (334) 269-2343
Facsimile: (334) 954-7555

*Attorneys for Plaintiffs*